Jan'y Term,          R. and O. R. R. Co. *vs.* Faulkner.          1870.

# Wheeling.

THE BALTIMORE & OHIO RAILROAD COMPANY *vs.* CHARLES J.
FAULKNER.

January Term, 1870.

1. If the intervention of a jury is waived and the evidence is heard by the court and judgment rendered, without issue having been joined, it is as equally erroneous as though the case had been tried by a jury.

2. The want of a *similiter* is not error after verdict. Code of Va. chap. 181, sec. 3.

3. A plea of the statute of limitations concludes with a verification, and should be replied to before trial, and the want of replication is not cured by verdict.

4. The time excluded by law from the operation of the statute of limitations, in actions of assumpsit, is from the 17th of April, 1861, to the 1st of March, 1865.

The summons in this case was dated July 17th, 1867, and was returnable to August rules following, when the declaration was filed. The latter claimed for professional services as an attorney and counseller at law rendered by the plaintiff to the defendant. It contained several counts in *indebitatus assumpsit* as per bills of particulars filed, a special count for an agreement for an annual retaining fee of 100 dollars, counts for money paid out, &c., and on an account stated. The aggregate of the account of the plaintiff was 2,278 dollars and 43 cents, subject to credits amounting to 1,468 dollars and 70 cents, leaving a balance of 809 dollars and 73 cents, to which was added an item of 55 dollars and

55 cents costs paid by the plaintiff for the defendant. The account began in November, 1851, and the last item was dated in November, 1859. The defendant pleaded non-assumpsit and set off, and a special plea of the statute of limitations.

It appears that there was never any replication filed to either of these pleas, or issue joined.

At the June term, 1868, the intervention of a jury was waived, and the court proceeded to hear the evidence, and judgment was rendered for the full amount of the debt claimed, with interest from April 1st, 1861.

The evidence introduced by the plaintiff below was principally documentary, with the exception of his own testimony, which proved his account in full. The defendant introduced no testimony. The defendant brought the case here on a writ of supersedeas, alleging for error as follows:

"1. That the court erred in trying said case and giving judgment against your petitioner, without any replication ever having been filed to either of your petitioner's said pleas, or without any issue joined in the case.

"2. That the court erred in giving judgment against your petitioner, on the plea of non-assumpsit, instead of giving its judgment in favor of your petitioner, upon the pleadings and proofs in the case, because the evidence was insufficient to make out the plaintiff's case, and failed to show him entitled to the amount for which the judgment was rendered.

"3. That if the plaintiff was entitled, upon the evidence, to recover any amount against your petitioner, it was a much less sum that for which the judgment was rendered.

"4. That the court erred in giving judgment against your petitioner on its special plea of *non-assumpsit infra quinque annos*. The claim of the plaintiff was barred by the statute of limitations and the judgment of the court, upon that plea, should have been in favor of your petitioner."

Hon. Thos. W. Harrison, judge of the III. circuit, was

holding the term of the circuit court of Jefferson county, at the trial of the case.

*Lee* for the plaintiff in error.

*Faulkner* for the defendant in error.

The doctrine is undoubtedly well settled, that where a cause is submitted to a jury, without an issue joined between the parties and a verdict is rendered, and judgment entered thereon, that the verdict must be set aside and the judgment reversed. This necessarily results from the nature of our legal system, by which no jury can be legally empanelled in any cause, until after an issue in fact, consisting of an affirmative allegation on the one side, and a negative allegation on the other, has been evolved by the pleadings. This doctrine, however, has no application to a case like the present, where the parties by consent dispense with a jury, and submit their case upon its merits to the decision of the court, either upon a case agreed, or upon the evidence of one of the parties alone, which is substantially and in effect a case agreed. This discrimination rests not only upon the plainest principles of practice and pleading, but is fully sustained by the court of appeals of Virginia, in the recent case of *Sawyer* vs. *Corse*, 17 Grattan, p. 230. Joynes, J., delivering the unanimous opinion of the court in that case, and referring to the position taken by counsel, that the judgment should be reversed, because there had been no issue joined on the record between the parties, says: " This objection cannot be sustained. A case may be submitted to the court on a case agreed without a plea, as well as with one, and it is sometimes done without either declaration or plea. The defect of pleadings is cured by the agreement. When there is a declaration and no plea, as in the present case, the plaintiff's cause of action as set forth in the declaration, is submitted to the court without reference to any particular form of defence, and the defendant is entitled to judgment, if the facts stated afford him a defence of which he might have availed himself under any form of pleading".

This objection should not have been taken by the company, even if it were available, as it was at the instance and suggestion of the company that the cause was withdrawn from the jury, and submitted to the court one week in advance of the day fixed for the regular trial of the case; in the absence of most of the plaintiff's witnesses, and of some documentary evidence, which might have been laid before the court, and under the full impression, that it was a fair and *bona fide* proposition to dispose of the case in a mode and by a tribunal most satisfactory to the defendant in the court below.

Where a case is heard by the judge, and there is an exception to his decision, and the evidence spread upon the record, the appellate court must regard the case as upon a demurrer to evidence, considering the appellant as the demurrant. 18 Grattan, 842. The demurrant admits all that may reasonably be inferred by a jury from the evidence. 2 Rand., 357; 2 Wash., 210; 6 Mauf., 326.

MAXWELL, J. The first ground of error assigned is, that the court erred in trying the case and giving judgment against the petitioner without any replication ever having been filed to either of petitioner's pleas, or without any issue joined in the case. There were two pleas filed by the defendant below, one the general issue, and the other the plea of the statute of limitations, on neither of which was issue joined. The trial of the case was had before the court instead of the jury, under section 38 of ch. 162, Code of Va., 1860, p. 693. The intervention of a jury was by consent dispensed with, and the cause submitted to the court, and the court having heard the evidence and argument of counsel, rendered a judgment for the plaintiff.

The court occupied precisely the relation to the case that a jury would have done if the case had been tried by a jury. *Pryor* vs. *Kuhn*, 12 Gratt., 615; *Wickham and Goshorne* vs. *Lewis Martin & Co.*, 13 Gratt., 427.

It was not submitted to the court on a case agreed, as

was the case of *Sawyer* vs. *Corse*, 17 Gratt., 230, relied on by the counsel for the defendant in error.

If, in this case, there would have been error for the want of issues, if the case had been tried by a jury, such error is not waived in consequence of the trial by the court in place of the jury.

In respect to the plea of the general issue, it was long ago decided that a failure to add a *similiter* was not error after trial. *Brewer* vs. *Turpley*, 1 Washington, 363. And it is expressly provided in the Code of Va., 1860, ch. 181, sec. 3, that the want of a *similiter* shall not be error after verdict. So that, as to the plea of non-assumpsit, there was no error in trying the case without a formal issue.

But the plea of the statute of limitations, which concludes with a verification, and in which an issue could not be made by the addition of a *similiter* should have been replied to before trial, and the want of replication is not cured by the judgment rendered. *Talley's Executor* vs. *Donald & Co.*, 4 Munford, 430; *Green* vs. *Dulany*, 2 Munford, 518.

The second ground of error assigned is, that the court erred in giving judgment against the petitioner on the plea of non-assumpsit, instead of giving its judgment in favor of the petitioner upon the pleadings and proofs in the case, because the evidence was not sufficient to make out the plaintiff's case.

The evidence certified is sufficient to warrant a judgment for the amount recovered, so that this point is not well made; and this is also an answer to the third assignment of error.

The fourth cause assigned as error is, that the court erred in giving judgment against the petitioner, notwithstanding the bar of the statute of limitations.

The plea filed excludes the time from the 17th day of April, 1861, to the 27th day of February, 1866, while the time excluded by law is from the 17th day of April, 1861, to the 1st day of march, 1865, in actions of assumpsit. *Gore* vs. *McLaughlin*, 3 W. Va. Rep., 489. This is a mistake to the advantage of the defendant in error.

It is not necessary or even proper to express any opinion as to the amount barred, or not barred, because the case will have to go back to be tried over again for want of issue on the plea of the statute of limitations.

The judgment complained of will have to be reversed, with costs to the plaintiff in error, and the cause remanded for a new trial to be had upon the principles herein indicated.

The other judges concurred.

JUDGMENT REVERSED.