# CHARLESTON.

PAYNE VS. BOWLIN, ADM'R, &C.

1873.
January
Term

JAMES A. PAYNE, WHO SUES FOR THE USE OF JOHN M. HANLY AND MARY L., HIS WIFE, PLAINTIFF IN THE ACTION AND DEFENDANT IN ERROR *against* JAMES B. BOWLIN, ADMINISTRATOR OF A. G. JENKINS, DEC'D DEFENDANT IN THE ACTION AND PLAINTIFF IN ERROR.

Decided February 25th, 1873.

## SYLLABUS.

A special plea to an action on a bond, averring that the makers and payee were all officers in the service of the Confederate States at the time of its execution, and that the consideration of said bond was Confederate Treasury Notes, and that the same, at the date of said bond, were of no value, and utterly worthless outside of the military lines of the said Confederacy.

HELD to be insufficient.

A special plea to an action on a bond, averring that the same was made and payable in the city of Richmond, the Capital of the Confederate States, in the currency of said States, and that the makers of said bond were in said city at the time of its maturity, prepared, ready and willing to make payment, and further aver-

1873.
January
Term.

Payne
v.
Bowlin,
Adm'r, &c.

ring in substance, that the bond was not presented then for payment.

HELD to be insufficient.

*Tomlinson, Hedrick* and *Ricketts* for Plaintiff in error.
*Ferguson* and *Moore* for Defendant in error.

PAULL, JUDGE:

This is an action of debt instituted by the Plaintiff for use, &c., against the Defendant, as Administrator of A. G. Jenkins. The suit was commenced in the month of February, 1867. The record in this case is exceedingly defective, furnishing but little information of the history or proceedings in the cause, until the 7th day of August, 1869, at which time the Defendant appeared and tendered two special pleas in writing, which appear in the record; to the filing of these pleas the Plaintiff objected on the ground that neither of said pleas was sufficient in law to constitute a defence in the action; the objections were sustained and the pleas rejected by the Court. And to this opinion of the Court in regard to said pleas the Defendant excepted. The record then recites that no further defence being offered by the Defendant, the Court after hearing the evidence, was of opinion that the Plaintiff was entitled to recover, and rendered judgment for the amount of principal and interest due upon said bond. Objection is made in argument to one or two irregularities appearing upon the record; but as we find no objection made thereto in any form by the Defendant, I suppose this Court must assume that all objection was waived, and the decision of this Court can now be had only upon such points as were made the subjects of exception in the Court below, and as to which the appeal is taken. In Hunt's Adm'r *vs.* Martin's Adm'r, 8 Gratt., 578, the *scire facias* to revive an action against an administrator, was not in the record, nor in the Clerk's office of the Court below, and no objection being taken in that Court, the Supreme Court will presume that it was in all respects regular.

1873.
January
Term.

Payne
v.
Bowlin,
Adm'r, &c.

In this view, the sufficiency of the rejected pleas is the only point presented for our consideration. The first plea alleges that the makers of the bond in suit, and the payee himself, being all the parties to the paper, were officers in the service of the so-called Confederate States of America, engaged in unlawful war against the United States of America; that the sole consideration for said writing was certain notes called Confederate States Treasury notes, and which were issued to maintain said unlawful war, &c. It has been heretofore held by this Court, in the case of Mathew W. Harrison, Ex'or, &c., vs. Farmers' Bank of Virginia, that this consideration, unaccompanied by any unlawful purpose between the parties themselves, it being simply an ordinary business transaction, does not vitiate the paper, or present a bar to a recovery thereon. Such unlawful purpose is not here alleged, nor is it competent to infer it, as a conclusion of law from the averment merely that the parties to this paper, were all officers in the service of the Confederate States.

But the plea still further avers that the said Confederate notes were, on the first day of March, 1862, the day on which said bond was executed, of no value, and were utterly worthless outside of the military lines of said Confederacy. Assuming this to be in itself a valuable averment, it is essential to give it effect, that the plea should still further aver that the Confederate money was of no value anywhere, even if it were competent to aver a want of consideration to a bond. This not being averred in the plea, we must infer that the obligation to pay exists wherever the bond is found, according to its tenor and effect. With these views, it is not seen how this plea can be sustained.

The second plea avers that the writing on which this action is instituted, was made and is payable in the city of Richmond, the Capital of said Confed-

1873.
January
Term.

Payne
v.
Bowlin,
Adm'r, &c.

erate States, in the currency of said States, to-wit, the said treasury notes thereof, and that the makers of said writing, commonly called a single bill, were, upon its maturity, there, (meaning in the city of Richmond,) prepared, ready and willing to pay the same, according to the purport thereof, and the interest thereon, in pursuance of the agreement aforesaid, and the true intent and understanding of the parties. It is not seen what *agreement* is contemplated by the plea, when using the words, " in pursuance of the agreement aforesaid," unless it is the writing itself, as no other agreement is named in this, or any other plea. What now is the law applicable here? All persons are subject to the laws and jurisdiction of the State or country in which they are found, or to which they have removed, or in which they are temporarily or permanently residing. They are at all times subject to the law of the forum in respect to the process of the Courts, and the remedies which may be employed for either maintaining their rights on the one hand, or their liabilities on the other. The writing in question creates simply a personal obligation for the payment of money. And as a general rule, perhaps universal rule, all such contracts may be enforced anywhere, in any State or country; debts are said to accompany the creditor everywhere, and to authorize a demand upon the debtor in any place.

It is well-known, however, that by the comity of States and Nations, and for the purpose of effectuating the agreement of the parties, the law of the place where the contract was made or was to have been performed, will be adopted and enforced in the Courts where the remedy is sought to be administered, in respect to the nature and construction of the contracts, and the rights and obligations of the parties under them.

In view of these principles it does not follow in the case of a personal contract or obligation like the present, that the obligors or promissors will be released from all liability thereon, because the bond was not presented in

1873.
January
Term.

Payne
v.
Bowlin,
Adm'r, &c.

the city of Richmond for payment at the time of its maturity, and because the makers or obligors were there at the time, ready and willing to make payment, all of which the plea avers; but it does follow, that they are entitled to have the contract enforced as to its construction and effect, according to the *lex loci contractus*, and consequently to such measure of relief, as that law will afford, when administered in the forum where the remedy is sought.

But the plea under consideration fails to aver any facts, in view of which that law when applied, will give any relief. It avers indeed that the writing in question, was payable in the currency of the Confederate States, but it does not aver that that currency was of any less value, dollar for dollar, than the present currency of the United States, or even of gold and silver. It is obvious therefore, that the plea in its present form, even admitting the truth of its averments, does not present a bar to the Plaintiff's action, and was rightly rejected by the Court below.

A case like the present, is not without its embarrassments and difficulties; it is possible that a bond or note payable in Confederate currency, may have been at the time of its maturity, of no value whatever, because the currency has become utterly worthless; it seems to be hard, therefore, to require the makers of such paper to pay the amount thereof in the currency of the United States. On the other hand, it must be remembered, that when the contract or bond *was made*, and in the place where made, that this Confederate currency may have answered all the purposes of money, at or nearly its par value; and the makers, or obligors on the paper may have used it in the payment of debts, or in the necessary or ordinary conveniences or transactions of life; it was of value at the time, both to the makers, and payees of such paper, who have parted with its possession. It is not for the Court however to suggest or seek to supply

1873.
January
Term.

Payne
v.
Bowlin,
Adm'r, &c.

remedies, which the law has not furnished. We can only administer the law as we believe it to exist.

The judgment of the Conrt below is affirmed with costs and damages according to law, to the Appellee.

HAYMOND, President, and HOFFMAN, Judge, concur in the foregoing opinion.