# CHARLESTON.

GRIFFIE *v.* McCOY.

February 23, 1875.

1. In an action of debt, a plea of payment was filed in court, and issue thereon properly made up. At the same time the defendant, by leave of the court, filed other pleas in writing, some of which were immaterial—no objection appearing to have been made to the filing of such pleas. There does not appear to have been a motion made to reject, or demurrer, or any reply or issue made up on the pleas. In this confused state of pleadings the parties waived a jury, and agreed to submit the case to the court. On appeal by the plaintiff—HELD:

That when the appellate court clearly sees that one of the immaterial pleas in the trial of the cause must have been considered by the court as being filed, and the matters therein plead considered by the court as though it was a good plea, and issue thereon made up; and that said plea and the matters therein plead must have entered into and effected the judgment of the court to the prejudice of the plaintiff, the appellate court will reverse the judgment for that cause, set aside the finding of the court and direct a new trial, with leave to perfect the pleadings before such new trial is had.

2. In the trial of the facts in the case the court occupied the relation to the case that a jury would have had the case been tried by a jury.

This was a writ of error to a judgment of the circuit court of Greenbrier county, granted on the petition of Joseph Griffie, praying a reversal of said judgment, rendered in a suit wherein said petitioner was plaintiff and John P. McCoy defendant.

The facts appear in the opinion of the Court.

The Hon. Nathaniel Harrison, judge of said circuit court, presided at the trial below.

26

*Adam C. Snyder* for the appellant.

*John W. Harris* for the appellee.

HAYMOND, PRESIDENT:

The plaintiff brought his action of debt against the defendant in the circuit court of Greenbrier county on the 25th of April, 1868. At June rules, 1868, plaintiff filed his declaration, in which he counts upon two writings obligatory of the defendant to the plaintiff, one of which is for $600, dated the 29th day of March, 1862, payable one day after date, and the other for $262.53, dated the 5th day of November, 1867, and payable one day after date. The declaration demands of the defendant $862.53, the aggregate amount of said two writings obligatory. Profert is made of said writings obligatory.

At a term of said court held on the 17th day of September, 1868, an order in these words was entered in the cause, viz : " This day came the parties, by their attorneys, and, on motion of the defendant, the judgment entered at rules in the clerk's office is set aside, and thereupon he pleaded the plea of payment, to which the plaintiff replied generally, and put himself upon the country and the defendant likewise, with leave to file special pleas, which are filed accordingly, and this cause is continued until the next term."

The *first* special plea in writing disclosed by the record is in substance that the plaintiff his action should not have or maintain against the defendant as to the sum of $600, part of the $862.53 in the declaration mentioned, because the said writing obligatory given for said sum of $600 was for the consideration of so many treasury notes of the so-called Confederate States as purported to be of the amount and value of $600, and none other, and that the said notes were an illegal currency, issued by a power in rebellion against the Government of the United States, and for the purpose of waging war against the same. And this plea concludes with the usual verification, " and this he is ready to verify."

The *second* plea alleges, in substance, that before the execution of the said writings obligatory, to wit, on the 1st day of October, 1866, the defendant was indebted to the plaintiff in the sum of $    for goods, &c., before that time purchased of the plaintiff, and that on said day he paid the plaintiff $100 in part payment of said indebtedness, and that subsequent thereto, and on the 5th day of November, 1867, the plaintiff presented to him an account amounting to $262.53, and requested the defendant to close the same by bond; and that the defendant, forgetting for the moment the payment of the sum of $100 upon the said account as aforesaid, made to the plaintiff his writing obligatory for the same, which is the said writing obligatory for $262.53 in the declaration mentioned; that immediately thereafter defendant recollected the said payment of $100, and demanded of the plaintiff that he should forthwith enter the same as a credit upon the said writing obligatory as of the date of payment, which the plaintiff refused to do or to credit him therefor on any other bond whatever executed by the defendant upon consideration deemed valid in law. And that by reason of the premises a right has accrued to the defendant to demand from the plaintiff the said $100, with interest from the 1st day of October, 1866, and to have the same set off and allowed against the said writing obligatory for $262.53 in the declaration mentioned. This plea concludes, " And this he is ready to verify."

The *third* plea defends as to $100, part of the $862.53 in the declaration mentioned, because before the commencement of the suit, viz : on the 1st day of October, 1866, he paid the plaintiff the said sum of $100. This plea concludes with the same verification.

The *fourth* plea is that the defendant, on the 1st day of January, paid the plaintiff the sum of $862.53 in the declaration demanded, and concludes with the same verification. I have mentioned these pleas as they appear in the record.

1875.<br>January Te'm.<br>———<br>Griffie<br>v.<br>McCoy.

The record does not disclose that any replication or demurrer was ever filed to any of said pleas, unless it is to be considered that the fourth plea in writing is the "plea of payment" mentioned in said order.

But at a term of said court held on the 23d day of June, 1869, this further and final order and judgment in the cause was made and entered, to-wit: "This day came the parties, by their attorneys, and the parties waiving a jury, agree to submit the case to the court; whereupon it is considered by the court that the plaintiff recover against the defendant, $262.53, with legal interest thereon from the 6th day of November, 1867, till paid and his costs by him in this behalf expended.

No bill of particulars, or specification of payments, is shewn by the record to have been filed with any of the pleas or otherwise. All the pleas mentioned seem to have been filed—they were not stricken from the record —but were filed at the term before said final judgment and so far as the record shows remained and were pleas filed in the cause at the time said final judgment was rendered, although no replication or demurrer had ever been made to either of the three first named or issue in any way thereon joined.

Upon this state of the case the question presented for determination now by this Court is, was it error for the circuit court to hear and determine the cause without replication to said three first named pleas or any of them, or without first having disposed of said pleas in some regular way.

In the case of *Renick v. Correll, Admr.*, 4 W. Va. 627, the defendant filed a plea of payment, to which there was a general replication, and also two special pleas to which there was no replication. The jury found for the plaintiff and the defendant appealed to the Supreme Court of Appeals. Berkshire, Judge, in delivering the opinion of the Court in that case says: "The first objection relied on for reversing the judgment complained of is the failure to make up the issues on the two special

pleas filed by the defendant. Whether this be error, of which the appellants can avail themselves here must depend on the question whether the pleas, or either of them, present a bar to the plaintiff's action. For, if they do not, and are bad in substance, then it is clear that the defendants were not injured by such omissions, as any issue that might have been had upon them would have been immaterial and unavailing." If the verdict had been for the defendant, could it have been said on appeal by the plaintiff that he was not injured—could it be said that evidence was not admitted under said pleas and in support of their allegations? In the case of *B. & O. Railroad Co. v. Faulkner*, 4 W. Va., 180, it was decided that "if the intervention of a jury, is waived and the evidence is heard by the court and judgment rendered without issue having been joined, it is as equally erroneous as though the case had been tried by a jury. In that case the action was assumpsit and the plea of the general issue, *non assumpsit*, was filed, which concludes to the country; and also the plea of the statute of limitations which concludes with a verification. A *similiter* was not entered as to the plea of general issue, and no replication whatever was made to the plea of statute of limitations. Judge Maxwell, who delivered the opinion of the Court in the case, very properly says : "In respect to the general issue it was long ago decided that a failure to add a *similiter* was not error after verdict. So that as to the plea of *non-assumpsit* there was no error in trying the case without formal issue." And he further says : "But the plea of the statute of limitations which concludes with a verification, and in which an issue could not be made by the addition of a *similiter* should have been replied to before the trial, and the want of replication is not cured by the judgment rendered." In the last named case the defendant also appealed. In the case of *Hopkin Bros. v. Richardson*, 9 Gratt. 486. It was decided that, "The admission of an improper plea is error, and the appellate court will not enquire whether

or not the plaintiff could be injured by its admission." I have quoted the syllabus of the last named case. Judge Lee in his opinion in the case, says: "Nor is it any answer to the objection to say, that the pleas, even if bad, could do the plaintiffs no harm by being in the record. That is an enquiry upon which the court should scarcely enter, nor should it speculate upon the effect of an improper plea in prejudice of the plaintiff's rights. If it be insufficient and no answer to the action, it should be rejected when objected to, nor should the plaintiffs be put to an issue upon it." In the case last named issue was joined on an insufficient plea and the plea of *non-assumpsit* was also filed and issue joined upon it, and the plaintiff appealed. See further upon this subject of replication and issue *Cooke v. Simms* 2 Call. 39, 374; *Moore v. Mauro,* 4 Rand. 488; *Mangum v. Flowers,* 2 Munf. 205; *Totty's Exor. v. Donald & Co.,* 4 Munf. 430; *Rowans v. Givens,* 10 Gratt. 250; *McMillion v. Dobbins,* 9 Leigh. 422; *Sydnor v. Burke and wife,* 4 Rand. 161.

The *first* special plea filed in the cause before us would now be held by this Court to be immaterial and insufficient as a plea in bar for reasons stated in the cases of *Payne v. Bowlin, Admr.,* 6 W. Va., 273; *Huffman v. Callison, Admr., Id.,* 301; *Harrison's Exor. v. Farmer's Bank of Va., Id.* 1.

But it is judicially known to this Court that at the time said first named special plea was filed, and also at the time the court rendered final judgment in the cause, it was considered and held by the courts of the State that a plea setting up the defence in said first plea, contained to a bond for the payment of money was held to be good. See *Calfee, Admr., v. Burgess,* 3 W. Va., 274.

The *second* special plea filed is an attempt to set up a mistake in the writing obligatory for $263.53 of $100, for the reasons stated in the plea. This plea, I infer, is attempted to be plead under the fifth section of chapter one hundred and twenty-six, of the Code of West Vir-

ginia. But it is not verified by affidavit, and it is in

other respects subject to criticism and objection as framed.

The *third* plea is a plea of payment of $100, part of the debt in the declaration mentioned. As before stated, these pleas were part of the record of the case when the cause was decided. No specifications of payments were filed, further than the sums stated in the third and fourth pleas. The six hundred dollar obligation has a credit upon it of $100, as of the first day of October, 1866. The court, in its judgment, found against the six hundred dollar obligation, but found the whole amount of the obligation for $262.53, with interest from the day it became payable. There was no specification of payment filed under the general plea of payment, on which issue was joined. And the only specification of a payment less than the whole debt claimed, is that of $100, specified in said third plea. It is difficult to see, from the record, how the court could have found against the six hundred dollar obligation, altogether, unless it did so upon and under said first special plea in writing, which went to the whole of said obligation, because given in consideration of Confederate money.

I think it is evident from the record that the plaintiff was prejudiced by said first special plea being admitted to be filed by the court. By the terms of the final judgment the cause was not in *express* terms submitted to the court for determination upon the issue joined of law and fact, but the parties "submitted the case to the court," is the language employed. It is manifest from the whole case that the plaintiff has been prejudiced and injured in the trial and judgment of the court, by the imperfect and confused state of the pleadings in the case at the time of trial. The pleadings in this case, under the circumstances, should have been perfected before the trial. So it might be seen by the record what issues of law or fact the court tried. In the trial of the facts in the

case the court occupied the relation to the case that a jury would have done if the case had been tried by a jury; *B. & O. Railroad Co. v. Faulkner*, 4 W. Va., 180; *Pryor v. Kurn*, 12 Gratt, 615; *Wickham and Goshorn v. Lewis Martin & Co.*, 13 Gratt, 427. In the case of *Southside R. R. Co. v. Daniel*, 20 Gratt, it was *held* that "in an action on the case for damages to plaintiff's land, there is the plea of not guilty, on which issue is joined; and there is a special plea, to which there is a special replication, concluding to the country. To this there is no rejoinder, and the record does not say that issue was joined upon it; but the parties go to trial, and the subject of the special plea and replication are contested before the jury, which renders a verdict for the plaintiff. No objection having been taken to the want of joinder of issue in the court below, it seems the objection cannot be taken in the appellate court. In such case, if the subject of the replication is such that the defendant cannot rejoin special matter without a departure from the defense set up in his plea, but must take issue upon the replication, the non joinder of issue will be cured by the statute." In that case the defendant appealed, and from the case it would seem that, under the state of the pleadings nothing was left to complete the issue except to add the *similiter*. The court seems to have considered the special plea a good plea. There was a special replication to the plea, and the replication concluded to the country. The jury found the "issues" for the plaintiff, and it appeared to the court that the subject of the special plea had been contested before the jury as though issue had been joined on the special replication.

In the case at bar the court makes no finding, but simply rendered judgment. The case in 20th Gratt. is not similar to this. The case is doubtless correct in principle, and I should feel inclined to follow it in similar cases. There seems to be some confusion in the case upon the subject under consideration, and I am inclined, for the present, to consider the subject open, in some re-

spects, hereafter. I have endeavored to follow the decisions of the courts of Virginia and of this State in this case, but think discussion and reconsideration of the principles herein decided should not be closed to further consideration in other cases that may arise before this court. It may be that a sound exposition of the law and the due administration of justice may require a revision and correction of some of the rules prescribed in some of the cases. This should certainly be done where it appears that such rules are absurd and operate injustice.

For the foregoing reasons the judgment of the circuit court of the county of Greenbrier rendered in this cause on the 23d day of June, 1869, must be reversed and annulled and the appellant recover his costs in this Court expended about the prosecution of this appeal. And this Court proceeding to render such judgment in the cause as said circuit court should have rendered therein it is considered that the finding of the said circuit court in the cause be set aside and a new trial be had in the cause, the costs of the former trial to abide the general result of the suit, and that this cause be remanded to the said circuit court with leave to the plaintiff to make a reply to the said pleas filed in the cause to which no reply has been made by demurrer or otherwise, as he may desire within a reasonable time, and with leave to the defendant to withdraw any or all of said pleas if he shall desire so to do, and to file other pleas if he shall ask permission so to do in a reasonable time, and for such other and further proceedings to be had in said cause as may be according to law in such cases.

The other Judges concurred.

JUDGMENT REVERSED AND CAUSE REMANDED.