# CHARLESTOWN.

## HIGH v. PEERCE ADMR.

### September 9, 1876.

1. In an action for the recovery of money before a justice under the provisions of section fifty of chapter fifty of the Code of West Virginia of 1868, "it is contemplated that some answer or plea be entered or filed by the defendant, if he appear and make defence.· And if in such action the justice renders judgment in favor of the plaintiff, and the defendant appeals to the circuit court, if no answer or plea appears by the record to have been entered or filed before the justice or in the circuit court, it is error to swear the jury "the truth to speak upon the issue joined.'"

1876.
August Term.

*Supersedeas* to a judgment of the circuit court of Mineral county, rendered on the thirtieth day of October, 1872, in a cause therein then pending, in which William H. High, was appellee, and John T. Peerce, administrator of Henry Kelly, deceased, was appellant. The *supersedeas* was granted on the petition of said Peerce, administrator, the plaintiff in error.

The facts of the case are fully set forth in the opinion of Haymond, President.

Hon. J. T. Hoke, Judge of said circuit court, presided at the trial below.

*Robert White* for plaintiff in error.

*F. M. Reynolds* for defendant in error.

HAYMOND, PRESIDENT:

This suit was commenced before a justice of the coun-

1876.
August Term.

High
v.
Peerce, Admr.

ty of Mineral, on the eighteenth day of December, 1869. The justice issued a summons against the defendant (Peerce) as administrator of Henry Kelly, to answer the plaintiff (High) as assignee of Kelly for $79.82 cents "exclusive of interest and costs." The summons was made returnable on the twenty-fourth day of December, 1869, at 10 o'clock A. M. The summons was served on the defendant, before the return day. It appears that on the day the summons was issued, the justice entered on his record the following: "W. H. High, assignee of H. Kelly, v. John T. Peerce, administrator of Henry Kelly. An action commenced December 18, 1869.

Plaintiff claims on note filed, $79.82, interest from seventeenth day of December, 1858, assigned to H. Kelly, from Kuykendall and Sherrard, on James Sulser." The note appears to be for $79.82, and is payable on demand. On the return day of the summons, the cause was continued by the justice to the eighth of January, 1870, and on the 8th of January, 1870, the justice rendered judgment against the defendant for $79.82, with interest from the seventeenth day of December, 1858, and costs.

On the fifteenth of January, 1870, the defendant applied for, and obtained an, appeal from the judgment of the justice to the circuit court of said county of Mineral. Afterwards, in said January, the justice delivered to the clerk of said circuit court, a transcript of the proceedings had in the cause before him, together with the original papers in the cause.

It appears that on the twenty-eighth day of March, 1870, the cause was by the circuit court continued generally. On the twenty-sixth day of August, the cause was continued generally by said court. On the twenty-third of March, 1871, the appellant appeared and moved the court to quash the judgment of the justice, but the court overruled the motion, and the cause was continued at the costs of the appellant. On the nineteenth day of March, 1872, the cause was continued, on motion of the

1876.
August Term.

High
v.
Peerce, Admr.

appellant, at his cost. On the twenty-third day of October, 1872, the appellant moved the court to quash the writ issued by the justice, and the court overruled the motion. Whereupon came a jury of six men "who were sworn the truth to speak, upon the issue joined," &c. The jury found a verdict, and returned it to the court, which is in these words, viz: "We, the jury, find for the plaintiff one hundred and forty-six dollars and thirty-nine cents."

On the thirtieth day of October, 1872, the court overruled the appellant's motion for a new trial, made at the preceding day of the term, and the appellant filed his bill of exceptions to the ruling of the court. And thereupon the court rendered judgment upon the verdict of the jury against the appellant, Peerce, administrator, &c., and in favor of said High, (appellee) for the amount of said verdict, with interest from the twenty-fifth day of October, till paid, and costs, to be levied of the goods and chattels in the hands of the administrator, to be administered, &c.

It no where appeared by the record, that any issue was joined, or that the appellant (Peerce) ever filed any answer plea, or account, before the justice, or in the circuit court, before the jury was sworn. In this case, the jury were "sworn the truth to speak, upon the issue joined." There was no issue joined, so far as disclosed by the record. In the case of the *Supervisors v. Ellison*, 8th West Virginia, the judge who delivered the opinion of the court, in that case, says, at page 318, "But it seems to me that cases on appeal should be tried in the circuit court upon pleadings of some description, filed by the parties. An issue should be made in the circuit court, if not already sufficiently done in the magistrate's court. I think this is clearly contemplated by the one hundred and sixty-ninth section of said chapter fifty (Code W. Va.) In this case no answer or plea of any kind, seems to have been filed by the plaintiff before the justice; nor does it appear that any plea was filed in the circuit

court. When the jury was sworn, there was no pleading in the cause, except the original summons. The jury were sworn to try the matter in difference between the parties.

What was the matter in difference between the parties? So far as I can see, there was no issue made up shewing the matter in difference. If an issue had been made up, shewing the matter in difference, then, perhaps, in ordering cases of appeal, the oath administered to the jury might have been sufficient. It is true, the 169th section does not prescribe the oath to be taken by a jury empanneled to try an appeal. But I am unable to see why the oath of the jury in such cases may not, ordinarily, be the same as that in others of like nature originally brought in the circuit court." Pleadings by a plaintiff and defendant before the justice are evidently contemplated by the 50th section of said chapter 50 of the code of this State, of 1868, as well as said 169th section. The general rules applying to all actions will not sustain a judgment given upon a verdict as upon the trial of an issue, when no issue was made or joined. *McMillion v. Dobbins,* 9th Leigh 422; *Snyder v. Burke et ux.,* 4 Randolph 161; *Rowan v. Givens,* 10 Gratt. 250; *B. & O. Railroad Co. v. Faulkner,* 4 W. Va. 180. As there was no answer or plea ever entered or filed in this cause by the defendant, so far as the record shows, of any kind or description, in answer to High's (appellee) demands or claim, it was a fatal error in the court to cause the jury to be sworn the " truth to speak upon the issue joined ;" and for this cause, the judgment of the circuit court must be reversed under the authorities cited. I am unable to discover error in the judgment of the circuit court in overruling the motions of appellant to quash the summons issued by the justice, and the judgment of the justice. There is not sufficient appearing on the record of the proceedings to determine that the justice had not jurisdiction to try the cause, by reason of the amount in controversy being in excess of $100, exclusive

of interest, even if it were conceded that the question of

jurisdiction in the justice might be determined upon a motion to quash the summons, or judgment, of the justice. It does not appear, by the record, that any question was made before the justice, or circuit court, as to jurisdiction. If the amount in controversy was in excess of the jurisdiction of a justice, under the constitution of 1863, a writ of prohibition might have been obtained prohibiting the justice from proceeding with the cause. A question is made, by the bill of exceptions, touching the refusal of the court to grant a jury of twelve men, as required by the appellant, and ordering a jury of six; but this question is immaterial and unnecessary now to be decided, as the Legislature, since the trial of this cause, which, as we have seen, was in October, 1872, has, under the provisions of the constitution of 1872, been modified and changed materially, and the circuit court is authorized, by the last clause of the seventeenth section of the schedule to the constitution of 1872, to transfer appeals to the county court; and so also the fourth Sec. of Chap. 15 of the acts of 1872-73.

For these reasons, the judgment of the circuit court, rendered in this cause on the thirtieth day of October, 1872, must be reversed, with costs to the plaintiff in error against the defendant in error. And this Court, proceeding to render such judgment as the circuit court of the county of Mineral should have rendered, it is considered that the verdict of the jury rendered in this cause be set aside, and a new trial of the cause is granted, the costs of the former trial by jury to abide the event of the suit, and the cause is remanded to the circuit court of said county of Mineral for such further proceedings to be had as may be in accordance with law.

The other Judges concurred.

VERDICT SET ASIDE, AND CAUSE REMANDED.