# WHEELING.

## CURRY *v.* TOWN OF MANNINGTON.

Submitted June 11, 1883—Decided Dec. 1, 1883.

1. An incorporated town or city, which by its charter or the general law is given control over the streets and walks within its corporate limits and is empowered to provide the means to make and keep them in repair, not only assumes the duty of keeping them in good condition, but by implication agrees to do so for the benefit and protection of the public ; and for any failure or neglect to do so the corporation is responsible for damages to any person injured.   (p. 15.)

2. The streets and walks in such town are designed for the use of the public, and the use of them by an individual simply for his own convenience and accommodation unaccompanied by any public use, as for drains, private crossings, sewers, vaults, cess-pools or other obstructions, is unauthorized and essentially a nuisance for which such individual is liable for damages to any one injured thereby.   And, because it is the duty of the town to keep its streets and walks free from such private nuisances, it is also liable for damages to any one injured by its neglect to abate such nuisance or remove such private obstruction.   (p. 16.)

3. One year is the bar prescribed by the statute of limitations for the recovery of damages for an injury to the person in all cases

except actions under sections 5 and 6 of chapter 103 of the Code. (p. 18.)

4. A case in which a judgment and verdict were awarded and set aside because the case was tried without replication or issue joined on the plea of the statute of limitations.

The facts of the case are stated in the opinion of the Court.

*James Morrow, Jr.*, for plaintiff in error.

*E. C. Snodgrass & Son* for defendant in error.

SNYDER, JUDGE:

Action on the case, commenced April 5, 1878, by the plaintiff against the Town of Mannington, to recover damages sustained by plaintiff by reason of the neglect of the defendant to keep a certain specified public sidewalk and the incline and approach thereto, within its corporate limits and under its control, in proper and safe repair and condition. The defendant demurred to the plaintiff's declaration which demurrer the court overruled. The defendant then entered the plea of not guilty and also filed a plea in writing in which it alleged that the plaintiff's cause of action did not accrue at any time within one year prior to the commencement of this action. This latter plea concludes with a verification and there was no replication to or issue joined on either of said pleas. A jury was sworn to "try the issue joined," a trial was had and a verdict found in favor of the plaintiff for seven hundred and fifty dollars. The defendant moved the court to set aside the verdict which motion the court overruled and, on April 22, 1881, entered judgment for the plaintiff upon said verdict. The defendant thereupon excepted to the judgment of the court and asked that the facts proven on the trial be certified by the court which was accordingly done, and the defendant has brought the case to this Court for review.

The first error assigned by the plaintiff in error is, that its demurrer to the declaration was improperly overruled, because the declaration "does not distinctly show that the structure which caused the injury was one which the town was legally bound to keep in repair, or that the town was

legally bound to provide and keep in safe condition any *approach or incline* at the place mentioned in the declaration, or that it had undertaken to construct any such *incline or approach* at that place, or keep any such in repair." This assignment impliedly admits, and this Court has heretofore decided, that an incorporated town or city, which, by its charter or the general law, is given control over the streets and walks within its corporate limits and is empowered to provide the means to make and keep them in repair, not only assumes the duty of keeping its streets and sidewalks in repair but by implication agrees to do so for the benefit and protection of all who may have occasion to use them; and for a neglect or failure to discharge this duty the corporation is responsible in damages to any person injured—*Wilson* v. *City of Wheeling*, 19 W. Va. 323; Cooley on Torts 625; 2 Dill. Mun. Corp. § 789.

The defendant here is a municipal corporation authorized and empowered by its charter to control and provide the means of constructing and keeping in repair its streets and walks. It, therefore, comes under the class of corporations above defined and is liable for damages for neglect of its duty. Chapter 36, Acts 1871, p. 43.

The declaration, after setting out that the defendant is an incorporated town, states that it "as such town was possessed of and had control of a certain public sidewalk and the incline and approach thereto on a certain public street called ———— street in the said town, and it then and there being the duty of the defendant to repair and keep in good and safe repair the sidewalks, inclines and approaches thereto in said town; yet the defendant not regarding its duty in that behalf, while it was so possessed and had the control of the said sidewalk, incline and approach thereto, there wrongfully and negligently suffered the same to be and remain in bad and unsafe condition and repair, and divers of the planks, wherewith the said sidewalk, incline and approach thereto was laid, to be and remain broken and unfastened, of all of which the defendants had notice; by means whereof the plaintiff, who was then and there passing along and upon the said sidewalk, incline and approach thereto, then and there, necessarily and unavoidably, tripped and stumbled upon and against

one of said broken and unfastened planks of the said side-walk, incline and approach thereto, and was thereby thrown and fell," &c., and was thereby injured, setting out the nature and extent of the injury, &c.

I think this declaration sufficiently avers that the sidewalk, incline and approach thereto, which it alleges caused the injury, were structures under the control of the town and that it was its duty to keep them in repair. If said incline and approach had been placed on the street or sidewalk by a private person, as suggested, the defendant would nevertheless have been liable for any injury caused thereby. Streets and sidewalks are designed for the use of the public and the use of them by an individual simply for his own convenience and accommodation unaccompanied by any public use, as for drains, private crossings, sewers, vaults, cess-pools or other obstructions is unauthorized and essentially a nuisance for which such individual is liable for all damages sustained in consequence of the improper appropriation of the street or sidewalk to a mere personal use. But because it is the duty of the town to remove such private obstructions or nuisances and keep its streets and sidewalks free, open and in safe condition, the neglect to remove or make them safe and keep off obstructions, constitutes in itself a failure on the part of the town to discharge its duty and thereby it also becomes liable for any damages sustained by its failure to abate such nuisance or remove such private obstruction. *Wendell* v. *Mayor of Troy*, 39 Barb. 329; *Congreve* v. *Smith*, 18 N. Y. 79; 2 Dill. on Mun. Corp. § 1039 (794).

This was the only ground assigned for the demurrer, and as I find no material defect in the declaration, I am of opinion the demurrer was properly overruled.

The next error assigned is, that the action was tried without any replication or issue joined on the pleas of the defendant. The first of these pleas is not guilty. The only conclusion of such a plea is to the country and all that could be required to make up the issue on it would be to add the *similiter*. The error for the want of a formal joinder of issue on pleas of this character is not a fatal error as this Court has frequently decided—*Douglass* v. *Central Land Co.*, 12 W. Va. 502; *Huffman* v. *Alderson*, 9 *Id.* 616.

The other plea, being a plea of the statute of limitations, is one which necessarily concludes with a verification and no issue could be made on it without replication. The want of any replication to or issue on this plea must be held fatal unless the said plea is immaterial—*B. & O. R. R. Co.* v. *Faulkner*, 4 W. Va. 180; *State* v. *Douglass*, 20 *Id.* 770; *Ruffner* v. *Hill*, 21 *Id.* 153, 158 and cases cited.

Was said plea material in this action? This is a personal action for an injury to the person and not to the property of the plaintiff. Our statute of limitations declares, that the limitation of all personal actions, if they be for matters of a nature that in case of the death of the party, they could not be brought by or against his representative, shall be one year from the time the right to bring the same shall have accrued —Sec. 12 chap. 104 Code, p. 549.

Under the common law, the rule was that all personal actions died with the person, according to the maxim, " *actio personalis moritur cum persona.*" But by successive innovations upon this rule, made by statutes both in England and this country, the rule itself has been much restricted and limited. These statutes have conferred upon the representative of the deceased party the right to sue or bring an action for any injury done to the personal estate of the decedent in his lifetime whereby it has become less beneficial to the representative, in the same manner as the decedent might himself have done—1 Saund. 217 n. (1); 2 M. & S. 416; 1 Harr. & McH. 224. And such is now the law of this State—Sec. 20 ch. 85 Code, p. 504. In the cases, however, of injuries to the *person* and not to the *property* or *estate* of the decedent, whether by assault, battery, false imprisonment, slander, *negligence* or otherwise, if either the party who received or he who committed the injury die, the maxim applies rigidly, and no action can be supported either by or against his representative—3 Bla. Com. 302. In this State the only exception to this rule, so far as I have been able to discover, is the provision of our statute, embracing what is known as Lord Campbell's act, giving a right of action to the representative against any party wrongfully causing the death of his decedent—§§ 5 and 6 ch. 103 Code, p. 545.

As the cause for which this action was brought is an in-

jury to the person of a character not embraced by Lord Campbell's act as embodied in our statutes, it follows conclusively that the limitation of the plaintiff's action was one year and that, therefore, said plea was material.

If the verdict in this case had been for the defendant it might be said that the want of a replication to the plea did not prejudice the plaintiff and, therefore, under the more liberal rule laid down in some of the cases, the judgment ought not to be reversed—*Moore* v. *Mauro*, 4 Rand. 488; *South Side R. R. Co.* v. *Daniel*, 20 Gratt. 344; *Griffee* v. *McCoy*, 8 W. Va. 201; 9 *Id.* 634. But the judgment having been against the defendant and it appearing from the declaration that the cause of action as alleged therein arose more than two years prior to the commencement of the action, the verdict on said plea, if regarded, ought to have been in favor of the defendant, unless it had been replied to specially. The fact that it also appears from the declaration that the plaintiff was an infant does not cure the defect; because, if she had replied generally to this plea the verdict ought still to have been for the defendant, and it would be extending presumptions too far for this Court not only to presume that the plaintiff would have replied to said plea, but also that she would have put in a special rather than a general replication. or *vice versa.* I, therefore, think this error is fatal.

Having thus concluded that the judgment of the court must be reversed and a new trial awarded it would be improper now to consider whether or not the facts set out in the defendant's bill of exceptions are or are not sufficient to sustain the verdict of the jury, as the facts proved on the new trial may be materially different.

But as the question of notice may arise on the new trial, it may be proper to state, that the general rule on this question is, that notice to the corporate authorities either express or implied must be shown. If the defect causing the injury had existed for such length of time that proper diligence would have discovered it, then, no notice need be proven; but if the defect arise otherwise than from faulty structure or the direct act of said authorities or their agents and be a recent defect, it is generally necessary to show that the town authorities had knowledge thereof a sufficient time before

the injury to have by reasonable diligence repaired it, or that they were negligently ignorant of it—2 Dill. on Mun. Corp. (3d Ed.) § 1026 (790) note; *Hubbard* v. *Concord*, 35 N. H. 52; *Barton* v. *Syracuse*, 36 N. Y. 54; *New York* v. *Sheffield*, 4 Wall. 189; *Dewey* v. *Detroit*, 15 Mich. 307; *Weisenberg* v. *City of Appleton*, 7 Am. R. 39, 43 note.

The judgment of the circuit court is reversed with costs to the plaintiff in error, the verdict of the jury set aside and a new trial awarded, the costs of the former trial to abide the final result of the action.

REVERSED.