# CHARLESTON

SAVINGS & TRUST CO. *v.* BALLENTYNE *et als.*

Submitted June 10, 1911.    Decided January 28, 1913.

PLEADING—*Variance*—*Amendment.*

It is no abuse of judicial discretion for the trial judge, on excluding plaintiff's evidence because of a variance, to suggest the right of amending the declaration, and on his own motion to give opportunity therefor.

Error to Circuit Court, Hancock County.

Action by the New Cumberland Savings & Trust Company against N. W. Ballentyne and others.    Judgment for plaintiff, and defendants bring error.

*Affirmed.*

*O. S. Marshall* and *John Marshall,* for plaintiffs in error.

*John A. Campbell,* for defendant in error.

WILLIAMS, JUDGE:

Writ of error allowed on petition of N. W. Ballentyne and J. A. Smith to a judgment for $354.35, recovered against them by New Cumberland Savings & Trust Company, a corporation, in the circuit court of Hancock county.    The parties waived a jury and submitted the case to the court.    On the 1st day of July, 1908, the court heard all the evidence and the arguments of counsel thereon, and took time to consider of its finding.    On the 10th of July, 1908, it found there was a variance between plaintiff's declaration and the note offered in evidence, but gave plaintiff leave to amend its declaration, and defendants excepted.    The declaration was amended and the cause remanded to rules, and after it had matured for trial on the amended declaration, it was again tried by the court in lieu of a jury, on the evidence of plaintiff, defendants offering none.    This was on the 24th June, 1909, when final judgment was rendered.

The error assigned is, that it was an abuse of judicial discretion to grant plaintiff leave to amend its declaration, after the case had been argued by counsel and submitted for decision and the judge had announced that a variance existed between the note

offered in evidence and the one described in the declaration, when no request had been made for the amendment. Our view differs radically from that of defendant's counsel on this point. We think the judge very properly exercised his judicial discretion. Indeed, it seems to us that, if he had not suggested the right of amendment at the time he announced his finding of a fatal variance between the *allegata* and *probata,* and had rendered judgment for defendants, without giving plaintiff an opportunity to amend, his action would have operated to defeat, rather than to promote, justice. The evidence, and the rulings of the court in relation thereto, are not made parts of the record and, therefore,. it does not appear whether the introduction of the note as evidence was objected to or not. But if it was, we must assume that the judge admitted it subject to the objection, and withheld his ruling thereon until his mind was made up on the whole case. If the judge had been so inclined, he might have cut off all opportunity for plaintiff to amend before judgment, by ruling out the evidence and pronouncing judgment in one and the same breath. But we do not imagine that a judge, desiring to do. justice in administering the law, would thus undertake to defeat the rights of a litigant, in a case in which he could see that the evidence entitled the party offering it to relief, and an amendment of his pleading was necessary to make it admissible.

The note declared on is no part of the record, but again we must assume that it was not so different from the note described in the pleading as to show an entirely different cause of action from the one pleaded; we infer that the variance was properly curable by amendment of the declaration.

The case is, therefore, one wherein a good cause of action is, proven, but not well pleaded. And no reason appears to us why it should be considered an abuse of discretion for the trial judge to suggest an amendment of the pleadings, when he can see that such amendment will promote justice and fairness. There is no. reason for adopting a harsher rule in the trial of a case at law than in equity procedure, and it has frequently been held to be reversible error for the chancellor to dismiss a suit on the ground of a variance between the bill and the proof, without giving leave to amend, if the proof is sufficient to entitle complainant to re-

lief, and the bill can be amended to conform thereto. *Hardman* v. *Brannon,* 70 W. Va. 726, and cases cited on page 735.

In *Hutchinson* v. *Parkersburg,* 25 W. Va. 227, it was held that if plaintiff's evidence proved a good cause of action but not substantially the case as alleged in the declaration, and a verdict was found in his favor, the court should set it aside on motion of the defendant, and grant a new trial, giving leave to plaintiff to amend his declaration. See, also, *Griffie* v. *McCoy,* 8 W. Va. 201.

It was certainly no abuse of discretion for the trial judge to suggest an amendment of the declaration, and to give opportunity therefor on his own motion.

*Affirmed.*