# Richmond

## HAWLING V. CHAPIN AND OTHERS.

### January 15, 1914.

1. LIMITATION OF ACTIONS—*Injury to Property—Nuisance—Cesspools.*—
   The limitation to an action to recover damages for injury to
   the plaintiff's property by reason of cesspools constructed and
   maintained by the defendant on his land adjacent to that of
   the plaintiff is five years, and pleas setting up the statute of
   limitations of one year and three years, respectively, are bad,
   and, if objected to, should be rejected.

2. PLEADING—*Insufficient Plea—Objection—Forced to Join Issue—Ef-
   fect.*—If a plea is insufficient and no answer to the action, it
   should be rejected when objected to, and the plaintiff should
   not be put to an issue upon it. A mental reservation of the
   court to strike it out during the trial, not acted upon, does not
   cure the error, and the failure to strike it out constitutes good
   ground for reversal unless, when all the facts are certified, it
   affirmatively appears that the plaintiff could not have been
   injured by having been forced to try his case on the improper
   plea.

Error to a judgment of the Circuit Court of Loudoun
county in an action of trespass on the case. Plaintiff
assigns error to an inadequate judgment in his favor.

*Reversed.*

The opinion states the case.

*Richard H. Tebbs* and *Cecil Connor,* for the plaintiff in
error.

*Edwin E. Garrett,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action of trespass on the case was brought by Eugene Hawling to recover of the defendants, John D. Chapin and others, damages for alleged injuries to his property which the plaintiff claims to have sustained in consequence of the maintenance by the defendants of several cesspools on their property, which had so polluted the plaintiff's well of water as to render the same wholly unfit for use.

The, record shows that the plaintiff was the owner of a house and lot in the village of Bluemont, in Loudoun county, which he occupied with his family as a home, and that upon the premises he had a well which furnished him his water supply until it became so polluted that he was compelled to abandon its use. It further appears that the defendants owned the adjoining lot, upon which was erected large buildings used for hotel purposes, which were occupied by numerous guests, especially in the summertime, as well as by the family of the defendant, Chapin. Upon these premises the defendants had constructed at different times three cesspools, into which was emptied all the sewage of the hotel from the water closets, baths and kitchen. The first cesspool erected by the defendants polluted their own well to such extent that it had to be abandoned, and a second was constructed and used until the summer of 1906, when the earth about it was found to be so saturated with the sewage that .a third cesspool was constructed, into which all of the sewage was emptied through pipes. These cesspools were on an elevation above the plaintiff's well, and at a distance of from eighty-five to one hundred feet, with the slope of the ground in the direction of the plaintiff's house, and he alleges that the percolations therefrom destoyed the use of his well for all domestic purposes.

The plaintiff's declaration was filed in November, 1909,

setting out the acts and trespass of the defendants, and alleging that his premises and property had thereby been greatly damaged and permanently depreciated in value.

The defendants pleaded the general issue, and filed three special pleas, the first relying on the one year statute of limitations, the second on a limitation of three years, and the third on a limitation of five years. The plaintiff moved the court to strike out the pleas of not guilty in one year, and not guilty in three years, insisting that the limitation of five years was alone applicable. The court overruled this motion, and thereupon the plaintiff replied generally to all of the pleas, and issue was joined. The jury was sworn upon the issues thus made upon those several pleas.

In the bills of exception taken to the admission of pleas one and three, the judge certifies that he was of opinion that the pleas were bad, and that he so stated when the objection to them was made, and that the ruling of the court would be to strike them out unless counsel offering them could produce some authority for his contention, but that the jury might be sworn and the ruling of the court made in the course of the trial when the question raised by the pleas should arise. The court further certifies that no further reference was made to the pleas during the course of the trial.

If it was error to admit the pleas, they should have been struck out when the objection to them was made, and this mental reservation of the court to strike them out during the progress of the trial, which was not done, did not affect or cure the error in admitting them. The extent of the record on the subject is that the plaintiff moved to strike out the pleas setting up the one and three year statutes of limitations, and that the court overruled the motion and the plaintiff excepted.

It cannot be successfully disputed that the limitation of five years is alone applicable to this case. Code, sec. 2927;

*Va. Hot Springs, Co.* v. *McCray,* 106 Va. 461, 56 S. E. 216, 10 L. R. A. (N. S.) 465. It is equally clear that the pleas objected to were no answer to the plaintiff's action, and that they should have been rejected when the motion to strike them out was made.

In *Hopkins* v. *Richardson,* 9 Gratt. (50 Va.) 485, Judge Lee says: "Nor is it any answer to the objection to say that the pleas, even if bad, could do the plaintiffs no harm by being in the record. That is an inquiry upon which the court should scarcely enter, nor should it speculate upon the effects of an improper plea in prejudice of the plaintiff's rights. If it be insufficient and no answer to the action, it should be rejected when objected to, nor should the plaintiff be put to an issue upon it."

In *Banks* v. *Kimberlands,* 16 W. Va. 555, Judge Green cites the Virginia case mentioned, saying the views of Judge Lee were cited approvingly in *Guffie* v. *McCoy,* 8 W. Va. 206, and adds: "In my judgment, the refusal to reject a plea which a court ought to reject is good ground for reversal, unless, when all the facts have been certified by the court, it affirmatively appears to the court that the plaintiff could not be injured by having had to try his case on an improper plea."

Testing the case at bar by the rule as qualified by Judge Green, it does not affirmatively appear that the plaintiff was not prejudiced by the action of the court requiring him to go to trial with the pleas objected to in the record. On the contrary, a careful consideration of the facts disclosed by the record leads to the conclusion that the plaintiff may have been very seriously injured by the presence of the improper pleas. It would be the merest speculation to say that he was not.

The assignment of error involving the admission of certain evidence was abandoned at the bar because not properly perfected. As the case must go back because of the

error in admitting the pleas under consideration, it is unnecessary to consider the assignment of error relating to the inadquacy of the damage found by the jury.

The judgment complained of must be reversed, the verdict of the jury set aside, and the case remanded for a new trial in accordance with this opinion.

*Reversed.*