ALBERT GALLATIN'S HEIRS *vs.* JOSEPH HAYWOOD'S HEIRS.

January Term, 1870.

1. In an action of writ of right no plea is tendered or filed by the defendant, and no replication or issue is joined, and the jury is sworn as though the *mise* had been properly joined. HELD:

    That it is error to try the case in the absence of such plea and issue, and no judgment should be rendered on the verdict.

2. A verdict is erroneous and incurably defective, in an action of writ of right, where it gives the tenants land outside of that described in the declaration of the demandants.

This case came from Jackson county. It was pending in the court of appeals of Virginia at the formation of this State, and was transferred to this court by operation of law.

---

* He had been counsel in the cause below.

The points determined are stated in the opinion of Judge Berkshire.

Hon. Geo. W. Summers presided at the trial of the cause in the circuit court.

*A. F. Haymond,* for the plaintiffs in error.
No counsel appeared for the defendants in error.

BERKSHIRE, J.    This was a writ of right instituted in 1847, in the circuit court of Jackson county, by Albert Gallatin, the ancestor of the plaintiffs in error, against Joseph Haywood, the ancestor of the defendants in error, for . a large tract of land situated in that county.

At the September term, 1848, the plaintiff filed his declaration or count in due form, as prescribed by the act of assembly, 1 Rev. Code, 463.   At the May term, 1857, the cause was tried and a verdict rendered for the tenants, for a certain designated boundary of land embracing a small part of the tract described and included in the count and declaration, and also some other lands not comprehended therein.

It appears that the jury was empannelled and sworn to try, "Whether the tenants had more right to hold the tenement which the demandants demand against them by their writ of right, or the demandants to have it as they demand it," precisely as if the *mise* had been duly joined on the mere right, as required by the act of assembly before cited.

It does not appear from the record, however, that the defendants had tendered or filed any plea whatever, or that there was any replication or issue joined, as required by the act aforesaid, and it was, therefore, plain error to try the case in the absence of any such plea and issue, and as a consequence, no judgment should have been entered on the verdict. · *Rowans* vs. *Givens*, 10 Gratt., 250;  *B. and O. R. R.* vs. *Gettle's administratrix*, 3 W. Va. Rep., 376; .and authorities there cited.   After the verdict was returned, the plain-

tiffs moved the court to set the same aside and grant them a new trial, upon the ground that it was not justified by the evidence, and also upon the additional ground that it gave to the defendants lands not put in issue, and not demanded or embraced in the count and declaration.

This motion was overruled and the plaintiffs excepted.

If the pleadings had been properly made up, and the issue or *mise* joined on the mere right, in accordance with the provisions of the statute, the verdict, it seems to me, is, in form and substance, incurably defective in giving to the tenants land outside of the tract demanded and described in the declaration, inasmuch as the title to such land was not, and could not be put in issue, or be adjudicated in this action. 2 T. C., 183; 5 Mun., 98.

Other objections were also urged by counsel, to the judgment complained of. But as no judgment whatever could be founded on the verdict rendered, and as in case of reversal we are required only to render such judgment as the circuit court ought to have rendered, I do not think these questions fairly arise on the record, and it is therefore not necessary or proper to consider them.

I think the judgment should be reversed, the verdict set aside, and the cause remanded for further proceedings to be had in accordance with the principles of the foregoing opinion.

MAXWELL, J., concurred.

JUDGMENT REVERSED.