# Charleston.

BALTIMORE AND OHIO RAILROAD COMPANY *vs.* S. L. CHRISTIE.

January Term, 1872.

1. It is a sufficient answer to the objection that a rule should have been given a defendant to plead, after an amended declaration was filed, that it appears in the record, in an order entered at rules, that "the defendant being summoned and not appearing," &c.

2. It is error to swear a jury to try the issue joined when there is no issue.

3. Where the acts of the agent will bind the principal, his representations, declarations and admissions respecting the subject matter, will also bind him, if made at the same time, and constituting part of the *res gesta*.

4. C. seeks to recover the value of trunk and contents, lost from the cars of defendant. On the trial the evidence is admitted that B. (who was since deceased), a clerk in an office of defendant, declared some time after the loss that he had discovered what had become of the trunk ; that it had been put off the cars at a certain point and the contents lost, &c. HELD :

     That there being no effort in the case to fix the liability of the defendant by reason of any *act* or *agreement* of the supposed agent, B., but a mere attempt to prove by his declarations a fact with which he was not in any way connected, and of which he did not appear to have any personal knowledge, that evidence was improperly admitted.

Action of trespass on the case in the circuit court of Wood county. Declaration filed June rules, 1865, alleging the loss of a trunk of plaintiff's wife, who was a passenger on defendant's railroad, of the value of four hundred and sixty-five dollars. Trial and verdict for defendant at December term, 1867. Verdict set aside and new trial granted. Subsequently an amended declaration was filed, and at February rules, 1868, writ of enquiry to next term. Another trial was had, and verdict and judgment for the plaintiff for the value of the trunk and contents, and interest. Upon the amended declaration there does not appear to have been any plea filed or issue joined.

During the trial the following bill of exceptions was taken by the defendant:

"Upon the trial of this cause the plaintiff, in support of the issues joined upon his part, gave evidence tending to prove that on the 9th day of August, 1864, his wife took a train of the defendant's cars as a passenger for reward from Parkersburg, a station on a railroad used and worked by the defendant, to Cumberland, a station on the railroad proper of the defendant, and in connexion with which the former was used and worked by the defendant as aforesaid, and at the same time caused a trunk belonging to her and containing wearing apparel and other articles of personal use and ornament, to be shipped and placed in the baggage car attached to said train for the same destination, as her luggage to be transported for her as such passenger as aforesaid; also evidence tending to prove that when said train arrived at Grafton, a station of said railroad intermediate between Parkersburg and Cumberland, it was discovered that said trunk was not upon said train, and that the same had never been recovered by her or her said husband; and the said plaintiff then introduced a witness, S. A. Q. Burche, who proved that on the same day, or the day after she had left Parkersburg, a telegram was received by one McAllister, at Parkersburg, he being the principal agent of the defendant at that place, announcing that said trunk was missing, and making inquiries for same, and that said McAllister did thereupon make inquiries by-telegraph at points on the lines of said road, and did direct one Beale Blackford, who was a clerk in his office as such agent at Parkersburg, to make further inquiries concerning said trunk in the same way, and that said Blackford did accordingly make such inquiries and continued to make the same from time to time for several weeks thereafter; and thereupon the plaintiff offered to prove by the said Burche that some two or three weeks afterwards the said Blackford (who was since deceased) informed him, the said Burche, said Blackford being still a clerk of defendant as aforesaid, that he had discovered what had become of said trunk; that the same had been put off of the train at Clarksburg (a point on said first named road between Parkersburg and Grafton), and had been taken to the tavern house of one

Bartlett, in Clarksburg, and the contents thereof gobbled up. But the defendant, by its attorney, objected to these statements of the said Blackford to the said Burche being permitted to go in evidence to the jury, and the said objection being referred to the court, the court overruled the same and permitted the said statements to be given in evidence to the jury, and the same accordingly went to the jury as evidence."

The defendant brought the case to this court.

*Lee* for the plaintiff in error.

1. When the plaintiff filed his amended declaration, he should have given the defendant a rule to plead, instead of taking a conditional judgment against it as for want of appearance. Code of West Virginia, chap. 125, § 44, p. 605.

2. No plea having been filed to the amended declaration, nor any issue raised under it, it was error to swear the jury to try the issue joined, when there was no such issue, nor any issue to be tried by a jury. *Sydnor* vs. *Burke*, 4 Rand. 161; *McMillion* vs. *Dobbins*, 9 Leigh, 422; *Baltimore and Ohio R. R. Co.* vs. *Gettle's adm.* 3 W. Va. 376; *Baltimore and Ohio R. R. Co.* vs. *Faulkner*, 4 W. Va. 180.

3. The court erred in admitting the declarations of Blackford as evidence in the case. They were mere hearsay. They were not verbal acts, but mere statements, unsworn, made by him to a third person, as to the result of his inquiries. They were but a repetition by him of what he had heard from other persons, through telegraph operators or others. There is no principle on which they could be admitted. 1 Greel. Ev. §§ 98, 99, 113, 114; Story Ag. §§ 134, 135, 136, 137; 1 Starkie Ev. pp. 40, 43, 46.

*Jackson & Small* for defendant in error.

MAXWELL, J. The first ground of error assigned in this case is that, when the plaintiff filed his amended declaration he should have given the defendant a rule to plead, instead of taking a conditional judgment against it as for want of appearance. It appears from the order entered at rules that "the defendant being summoned and not appearing," a conditional judgment was taken against it according to the statute, Code p. 605, § 44.

The next point made is that no plea having been filed to the amended declaration, nor any issue raised under it, it was error to swear the jury to try the issue joined, when there was no such issue nor any issue to be tried by a jury. It appears from the record that an office judgment was had at rules and a writ of inquiry awarded to assess the plaintiff's damages, and without any plea being entered a jury was sworn to try the issue joined.

It is well settled that it is error to swear a jury to try the issue joined when there is no issue. *Baltimore and Ohio R. R. Co.* vs. *Gettle*, 3 W. Va. p. 376; *McMillion* vs. *Dobbins*, 9 Leigh, 422. The next assignment is that the court erred in admitting the declarations of Blackford as evidence in the case.

The plaintiff gave evidence to the jury tending to show that Blackford, as an employe of the defendant, had been attempting to hunt up the trunk belonging to the plaintiff and alleged to have been lost by the defendant on its road, and then offered to prove that some two or three weeks afterwards the said Blackford (who was since deceased), informed the witness, said Blackford being still an employe of defendant, that he had discovered what had become of said trunk ; that the same had been put off of the train at Clarksburg, a point between Parkersburg and Grafton, and the contents lost, &c. Defendant objected, but the evidence was allowed to go to the jury.

The appellant insists that the statements and declarations of Blackford, treating him as an agent of the railroad company, were not made under such circumstances as to make them competent evidence. Where the acts of the agent will bind the principal, there, his representations, declarations and admissions, respecting the subject matter will also bind him, if made at the same time and constituting part of the *res gesta.* They are of the nature of original evidence, and not hearsay; the representation or statement of the agent in such cases, being the ultimate fact to be proved, and not an admission of some other fact. 1 Greenleaf on Ev., § 113; Story on Agency, § 134; *Thallhimer* vs. *Brinckerhoff*, 4 Wendell, 394; in the case of *Fairlie* vs. *Hastings*, 10 Ves. Jr., 123, Sir William Grant uses the following language : An agent may, within the scope of his authority, bind his principal,

by his agreement, and in many cases by his acts; what the agent has said may be what constitutes the agreement of the principal; or the representations or statements made may be the foundation of, or the inducement to, the agreement. Therefore if writing is not necessary by law, evidence must be admitted to prove the agent did make that statement or representation. So with regard to acts done, the words with which those acts are accompanied, frequently tend to determine their quality. The party therefore, to be bound by the act, must be affected by the words. But except in one or the other of those ways I do not know how. What is said by an agent can be evidence against his principal. The mere assertion of a fact can not amount to proof of it; though it may have some relation to the business in which the person making that assertion was employed as agent." The same principle is found in the case of *Hanaway* vs. *Stewart,* 6 Watt's Report, 487.

There is no effort in this case to fix a liability upon the defendant by reason of any act or agreement of the supposed agent, Blackford, but a mere attempt to prove by his declaration a fact with which he was not in any way connected and of which he does not even appear to have had any personal knowledge. The evidence was therefore improperly allowed to go to the jury.

The judgment complained of will have to be reversed, with costs to the appellant, and the cause remanded.

The other judges concurred.

JUDGMENT REVERSED.