# WHEELING.

## Ruffner *v.* Hill *et al.*

Submitted January 13, 1881—Decided December 9, 1882.

(*Snyder, Judge, Absent.)

If a circuit court enter up a judgment on the verdict of a jury, sworn to try the issue joined, in any case criminal or civil, including an action of ejectment where no issue has been joined, or no plea filed by the defendant, such judgment will for such reason only be reversed by the Appellate Court.

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Kanawha, rendered on the 20th day of

*Case submitted before Judge S. took his seat on the bench.

December, 1875, in an action in said court then pending, wherein Joel Ruffner was plaintiff and G. W. Hill and others were defendants, allowed upon the petition of said defendants.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the judgment complained of.

GREEN, JUDGE, furnishes the following statement of the case:

This was an action of ejectment instituted December 2, 1871, in the circuit court of Clay county, by serving on the defendants William Moore and John Mullins, a copy of the declaration and a notice addressed to all the defendants including G. W. Hill, that this declaration against them would be filed on the first day of the next April term. This notice was not served on the defendant G. W. Hill, he not being found in the county. The declaration was in the ordinary form of a declaration in ejectment, and was to recover a tract of land in said county of three hundred acres, more or less, whose boundaries are not set out in the declaration. The case was continued from time to time till the March term 1874, when the parties came by their attorneys and by consent in writing, and for reasons appearing to the court, the cause was transferred to the circuit court of the county of Kanawha.

On May the 11th, 1874, an order was entered in the circuit court of Kanawha, whereby it was ordered, that this cause be docketed in that court to be therein proceeded with. The next entry appearing on the records of that court, was entered on June the 8th, 1875, when the cause was continued. The next entry appearing on the record, was made December the 8th, 1875, and was as follows: " This day came the parties by their attorneys, and thereupon the demurrer of the defendants to the plaintiff's declaration being argued and considered, was overruled; and then came a jury to-wit: (naming them) who being selected by lot, empaneled and sworn the truth to speak upon the issue joined, and having heard the evidence in part, were adjourned until the next day, until which time the cause was continued."

The cause was in like manner, regularly continued from day to day till the evidence and arguments of counsel were heard in full; and on the 13th day of December the jury were sent out of court to consider of their verdict, and after sometime they returned, and upon their oaths did say, "that they found for the plaintiff the land in the declaration mentioned, which is laid down on the plat of surveyor Chapman made and filed in this cuase and marked " verdict map;" by the letters C. F. G. L. and Q., which land is bounded as follows (giving the boundaries in detail), and they found, that the plaintiffs were entitled to the said land in fee simple; and they also found for the plaintiffs one cent damages." Whereupon, the defendants moved the court to set aside said verdict, and to award them a new trial, in the premises; and the court took time to consider thereof.

At another day, to-wit, at a circuit court held on the 20th day of December in the year 1875, "came again the parties by their attorneys, and thereupon the motion of the defendants to set aside the verdict of the jury rendered in this cause at a former day of this term, being argued and considered was overruled. Therefore it was considered by the court, that the plaintiff recover against the defendants the possession of the premises described in the verdict aforesaid, and his costs by him about his suit in this behalf expended, including the sum of fifteen dollars allowed by law, and the writ of possession was awarded him." And at another day, to-wit, on the 23d day of December, 1875, "came again the parties by their attorneys, and thereupon the defendants asked the court to sign four bills of exception tendered in this cause; and the court not then having time to examine said bills, execution upon the judgment in this cause was suspended until the adjourned term, or to the next regular term, which ever may first happen, to allow the court to examine said bills."

At the adjourned term of said court on February 3, 1876, after making some modifications in these four bills of exceptions, the judge signed them; but from delay and inadvertence on the part of the clerk and of the court, no order was entered at this special term showing, that these or any bills of exceptions had ever been signed, sealed or

enrolled.  More than two years afterwards, on June 27, 1878, this state of the facts having been proven to the satisfaction of the court, the court on that day, on the motion of the defendant after due notice to the plaintiff, and after reading the affidavits filed by each party, and having listened to the arguments of counsel decided, that "said order filing said bills of exceptions, having been omitted to be entered upon the record through delay and inadvertence of the clerk and of the court, and that said bill of exceptions were duly tendered at the trial term of said cause, and were duly signed and sealed by the court (after some modification by the judge) at the adjourned term of the court, to-wit, on the 3d day of February, 1876, and ordered by the court to be made a part of the record and delivered to the clerk for that purpose, the court therefore did order that said four bills of exceptions numbered one, two, three and four respectively, be filed as of said 3d day of February, 1876, and made a part of the record of the case."

The defendants G. W. Hill, Wm. Moore and Joel Mullen, obtained from this Court a writ of error and *supersedeas* to the judgment, rendered against them on December 20, 1875, and presented as the record in said cause what has been above stated, including the affidavits considered by the court on June 27, 1878, and these four bills of exceptions, making a record of more than four hundred printed pages.

Since this was submitted to this Court, it has issued a writ of *certiorari* to bring up any omitted part of the record; it being supposed that by a clerical mistake the order which showed, that the defendants had filed a demurrer to the plaintiff's declaration and had plead not guilty, as well probably as the order of survey, had not been copied into the record.  But the return of the writ of *certiorari* shows, that the record does not show the filing of any plea or demurrer or that any issue was made in the cause; but a private docket then kept by the judge of the court, as well as the docket kept by the clerk of the court show, the judge's docket being in his own handwriting, that there were orders which should have been entered at the May term 1874, in this cause, which never were entered.  The judge on his docket for that term has written in what the clerk certifies is the judge's own

handwriting opposite this case on the docket under the heading "Orders made of this term," the words "Plea ord. sur. and cont." And under the same heading opposite this case, the clerk's docket of that term has these words, "general demurrer, plea not guilty, order of survey and contd."

The clerk certifies, that this is all in the handwriting of the then clerk, except the words "general demurrer," which are in the handwriting of the counsel for the defendant. But instead of the orders being made indicated on these dockets, the only one that was made, was an order of survey made by consent, which order also showed, that George W. Hill, who had not been served appeared and consented with the other parties to the making of this order of survey.

*Swann* for plaintiffs in error cited the following authorities: 4 Pet. 102, 107; 16 How. 14; 20 How. 221, 252; Powell App. Pro. 1 Cow. 65; Stan. Ky. Dig. pp. 138-9, 684; 11 W. Va. 692; 15 W. Va. 274-5; 9 Cranch. 173; 6 Lans. 15; 25 Barb. 449; Stan. Ky. Dig pp. 157-8-9; Litt. Sel. Cas. 91; 4 Mon. 32; Stan. Ky. Dig. 1061-2; 2 Litt. 160; 8 Leigh 694. 30 Gratt. 419; 16 W. Va. 527; *Proctor* v. *Hill,* 10 W. Va. 63; *Brown* v. *Gates Treasurer,* 15 W. Va. 131; 9 Leigh 437; 1 Rob. 20; 1 H. & M. 497; 6 Fla. 72; 7 Gray 162; 4 McL. 442; 14 Texas 455; 4 Jud. L. R. p. 140; 27 Ga. R. 555; 2 How. 263; 8 Pick. 415; 43 N. B. 508; 18 Minn. 188; 25 Con. 337; 1 Gratt. 338; 11 W. Va. 692; 15 W. Va. 74-5; 18 How. 14; 20 How. 221, 252; 9 Ohio St. 526; 1 Conn. 65; 4 Pet. 102; 8 Ohio St. 261.

*William H. Hogeman* for defendant in error cited the following authorities: 27 Gratt. 534; Acts 1872-3 ch. 206 p. 594; 15 Gratt. 122; 9 Wheat. 657; 6 How. 275; 5 O. St. 56; 1 Otto 250; 6 Ga. 578; 3 A. K. Mar. 360; 4 Bush. 499; 12 Smede & M. 111; 10 Mo. 156; 17 N. J. L. 291; 22 N. J. L. 699; 26 N. J. L. 463; 19 Ohio 426; 6 O. St. 12; 23 Mo. 404; 25 Mo. 327; 3 Sneed (Tenn.) 77; 16 How. 4; 14 W. Va. 157; 1 H. & M. 25; 9 Johns. 78; 3 John. 139; 12 Gratt. 53; 15 W. Va. 323; 13 W. Va. 202; 4 Minn. 368; 29 Ver. 198; 5 W. Va. 540; 8 W. Va. 245; 12 W. Va. 209; 15 W. Va. 300; 10 Gratt. 1; 1 Leigh 216; 12 W. Va. 21; 2 Rob. 676; 15

Gratt. 204; 9 W. Va. 252; 2 Wash. 146; 8 W. Va. 417; 13 Gratt. 480 ; 4 Dev. & Bat. 164; 1 Dev. & Bat. 76 ; 6 Litt. (Ky.) 391 ; 3 W. Va. 28 ; 5 W. Va. 115.

GREEN, JUDGE, announced the opinion of the Court:

The first question to be determined in this case, is what portion of the record, which has been certified by the clerk of the circuit court, really constitutes a part of the record of this case and is to be read and considered by us.

The counsel for the plaintiffs in error insists, that upon the case, as we have stated it, the four bills of exception, which constitute nine-tenths of the record certified, are really a portion of the record to be considered by us.

On the other hand the counsel for the defendant in error insists, that the four bills of exception constitute no part of the record and cannot be looked at or considered by this Court.

It is unnecessary however for us to determine this question, for the reasons which we will presently state. The next enquiry is : Are the entries made according to the certificate of the clerk by the judge, on his private docket opposite this case, and similar entries made by the former clerk of the circuit court of Kanawha on his docket of cases, and which indicate, that a demurrer to the declaration was filed, as also a plea of not guilty, but which entries were never made on the record-book, to be regarded now as a part of the record in this case ?

There are no authorities cited by the counsel of the defendants in error to justify us in regarding these private entries of the clerk and judge, as parts of the record; and I presume none can be found; for it seems obvious, that they can not be so regarded. The counsel of the appellee did not ask, that time should be given by us to permit an application to be made to the circuit court of Kanawha, to make these entries on the record book *nunc pro tunc* and thus endeavor to make them a part of the record, and we presume this request was not made, because it seems to be obviously impossible that such entries could be made at this time, to operate *nunc pro tunc*.

In *Sydner* v. *Burke*, 4 Rand. 163, Judge Cabell says· "The counsel for the appellee has exhibited the transcript of the

record of an order of the superior court, made at a term subsequent to that at which the judgment was rendered, showing that the court received the evidence of the clerk, that a plea had been regularly filed, and that issue was joined thereon, and directing the plea to be entered *nunc pro tunc.* But we cannot regard this transcript as any part of the record. In the case of *Vaughan & Field, executors of Field* v. *Freeland,* reported in a note to 2 H. & M. 477, this Court decided, that it was erroneous in the district court, *after the term* to amend the record, even by the written *minutes* of the clerk. It would be much more improper to allow such amendment founded on the mere recollection and oral testimony of the clerk."

In the case before us, the private memorandum of a judge no longer in office, and the docket of a clerk no longer a clerk, would have to be resorted to to make an order of the filing of a plea in this case *nunc pro tunc.* This clearly can not be done. We must therefore consider, that in the trying of this ejectment case, no plea was filed in the circuit court, and of course no issue was joined, and yet a jury was empaneled and sworn to try the issue joined, and they found a verdict for the plaintiff for the land in the declaration mentioned, and that he was entitled to this land in fee simple. On this verdict so procured, the court rendered on December 20, 1875, a judgment, that the plaintiff recover of the defendants the possession of the premises described in this verdict and his costs, and writ of possession was awarded him.

This is the judgment to which a writ of error has been granted; and it is clear, that it must be reversed without any regard to the merits of the case as set out in their bill of exceptions, for it is very well settled, that in no case either civil or criminal, can the court direct the empaneling of a jury and the trial of a case when no issue has been made up; and if this be done, as it was done in this case according to the record, the court below could not properly enter up any judgment on this verdict of the jury so rendered.

The cases are numerous both in Virginia and in this State, where verdicts and judgments have been set aside by the appellate court, only because the verdict was rendered when no issue had been joined. See *Stevens* v. *Taliaferro,* 1

Wash. 155; *Taylors* v. *Houston*, 2 H. &. M. 161; *Kerr* v. *Dixon*, 2 Call 379; *Williamson's Adm'r* v. *Bennett*, 3 Munf. 316; *Sydnor* v. *Burke*, 4 Rand. 161; *McMillion* v. *Dobbins*, 9 Leigh 422; *Rowans* v. *Givens*, 10 Gratt. 250; *B. & O. Railroad Co.* v. *Gettle*, 3 W. Va. 376; *B. & O. Railroad Co.* v. *Christie*, 5 W. Va. 325; *Gallatin's heirs* v. *Haywood's heirs*, 4 W. Va. 1; *B. & O. Railroad Co.* v. *Faulkner*, 4 W. Va. 180; *State* v. *Conkle alias Swank*, 16 W. Va. 736; *State* v. *Douglas*, 20 W. Va. 770.

These decisions were rendered in a great variety of cases. In actions of debt, detinue, trespass on the case and *assumpsit*, and in writs of right and indictments for felonies. None of these however happen to be actions of ejectment; and it is now claimed by counsel for the defendants in error, that though in all other cases, either criminal or civil, the judgment of a court based on the verdict of a jury professedly on the issue joined, where in fact no issue appears by the record to have been joined, must be reversed by the appellate court. Yet such a judgment ought not to be reversed in an ejectment cause; because by the law Code of W. Va. ch. 90, § 13, p. 519, no other plea can be filed in an ejectment case except the plea of "not guilty;" and therefore it must be conclusively presumed that the jury were really sworn to try the issue on the plea of not guilty, though no plea was put in.

It is said, the only issue which could be made up, is the one actually tried, and it would be too technical to reverse, because the formality of entering the plea of not guilty was omitted. But these cases abundantly show, that the court has not reversed judgments entered upon such verdicts, because there was any doubt as to the real issue which the jury tried, nor because the defendant might have made up some other issue, if he had pleaded. The reasons for these decisions are entirely different from what this argument presumes. The real ground on which these decisions rest is, that by the common law the court has no right to make up the issue and empanel a jury to try it; but the parties by their pleadings must first come to an issue, and then it is tried by a jury. When therefore the record shows, that the parties by their pleadings have not come to any issue, but nevertheless the record shows that the issue was tried, this issue must either have been

illegally made up by the court or by a blunder it must have been assumed to have been made up by the parties, when in fact it was not.

In some of the cases we have cited, the record showed distinctly what was the exact issue tried by the jury, and also that the verdict was distinctly responsive to such issue; and that it was the only issue the parties in the particular case could have made, had they by the pleadings made any issue. Yet the judgments were reversed, because no issue so far as the record showed, had been formed. It has thus been held as absolutely necessary in every case, that an issue shall be made up by the pleadings, before a jury can be empaneled to try the case.

The *State* v. *Conkle alias Swank*, 16 W. Va. 736, and the *State* v. *Douglass*, 20 W. Va. show, that on indictments for felony, if the defendant does not plead, but the jury is nevertheless sworn to try the issue, which could be only on the plea of "not guilty," and he is found guilty of the felony charged in the indictment, though there can be no doubt, that precisely the same issue and verdict would have resulted, had the defendant put in the only plea he could have put in; yet this Court has nevertheless, reversed such judgments entered on such verdicts. The court having no authority to empanel a jury, in that or any case, till an issue has been made up by the parties; and therefore a verdict rendered by a jury when no issue has been so made up, must be treated as a mere nulity.

So in the cases of *Taylors et al.* v. *Huston*, 2 H. & M. 101; *Rowans* v. *Givens*, 10 Gratt. 250; and *Gallatin's heirs* v. *Haywood's heirs*, the jury were sworn in cases of writs of right, and rendered verdicts on which the courts entered up judgments. But in each of these cases the appellate court reversed the judgments because the record did not show, that the defendant had plead, or that any issue had been joined by the parties. Yet in these cases as in all other cases of writs of right, the jury were sworn in the words of the statute: "You shall say the truth whether C. D. hath more right to hold the tenement which A. B. demandeth against him by his writ or right, or A. B. to have it as he demandeth." Thus the issue actually tried by the jury in these cases, as

distinctly appeared on the face of the record as it could possibly have appeared, had the defendant put in his plea, and it is precisely the same issue as would have been tried, had the defendant filed his plea. Yet no plea having been filed so far as the record showed, the appellate courts set aside judgments on verdicts, rendered when the record showed distinctly the issue joined; and when it was precisely the issue which would have had to be formed by the parties, merely because it had not been formed by the pleadings of the parties.

The courts obviously acting on the principle, that by the common law and our universal practice, no jury can be empaneled and no case can be tried, till there has been an issue made by the pleadings of the parties, and that such was the case must appear by the record. It is obvious, that the jury can not be empaneled to try an issue never formed by the parties by their pleadings, any more in an action of ejectment than in a writ of right, for which it has been substituted. The same reasons applying in both cases, and indeed in all cases, whether civil or criminal. It is a fundamental principle of the common law, that the parties by their pleadings must come to issue before any cause can be disposed of or tried by a jury.

The attorneys for the defendant in error, rely on the case of *Douglass* v. *The Central Land Co.* 12 W. Va. 505, to sustain his position, that because there can be but one issue in an action of ejectment and but one plea in such action, the failure to put in this plea or form this issue, ought not to prevent the court from rendering a judgment on the verdict of the jury in such a case. In that case it was held, that as there could be but one conclusion to the plea of *non assumpsit,* and that conclusion was necessarily to the country, it was unnecessary formally to add to it, in order to make the plea good. This decision was obviously right, and in full accord with the decisions in Virginia and in this State.

But surely it is one thing for the courts after a verdict, to construe pleas liberally to sustain a verdict and judgment thereon, and in so doing carry out the liberal spirit shown by the Legislature in the statutes of jeofail; and quite a different thing for the courts to dispense with pleading altogeth-

er, and permit cases to be tried by juries in which the defendant has not plead at all, and allow judgments to be entered upon such verdicts.

For this reason the judgment of the circuit court of Kanawha, rendered on December 20, 1875 must be set aside, reversed and annulled, and the plaintiffs in error must recover of the defendant in error, his costs about his writ of error in this Court expended, and the verdict of the jury must also be set aside and annulled, and this cause must be remanded to the circuit court of Kanawha, to be further proceeded with according to the principles as laid down in this opinion and further according to law.

We deem it unnecessary to express any opinion on the question, whether the four bills of exception taken by the defendants below, under the circumstances set out in the statement of this case, constitute any part of the record in this case; as we take it for granted, that the court below when this case is again tried, will not adopt the unusual and very questionable practice of signing bills of exceptions under any circumstances, at a term of the court subsequent to the term at which the judgment is rendered. We therefore decline to decide, whether under the circumstances appearing in this case or whether under any circumstances, such a practice is allowable.

JUDGES HAYMOND AND JOHNSON CONCURRED.

JUDGMENT REVERSED.     CASE REMANDED.