# WHEELING.

BROWN v. CUNNINGHAM AND COYLE.

Submitted June 20, 1883—Decided December 8, 1883.

1. A judgment based on a verdict in an action of ejectment or in any other action civil or criminal will be reversed by the Appellate Court, if the record shows that there was no issue made up between the plaintiff and defendant by the pleadings in the case. (p. 111.)

2. If in an action of ejectment the plaintiff recovers the possession of the tract of land, for which the suit was brought, and a writ of possession issues, and it is executed by the sheriff, ousting the defendant and placing the plaintiff in possession of the tract of land, and this judgment is reversed by the Appellate Court, it will order the possession to be restored to the defendant. (p. 112.)

GREEN, JUDGE, furnishes the following statement of the case:

At October rules, 1871, Mary E. Brown filed in the circuit court of Randolph county her declaration in an action of ejectment against Adam Coyle for a tract of land in said county containing seven hundred and eighty-three acres, which she claimed for her life. The boundaries of the tract are set out in detail in the declaration, and the damages are laid at one thousand dollars. Proper notice of the filing of this declaration was served on the defendant, Adam Coyle. At the next circuit court of said county on November 10, 1871, the defendant, Adam Coyle, pleaded not guilty, and issue was thereupon joined. At the April term on motion of the plaintiff an order of survey was made; and the case was continued from term to term till October 25, 1878, when Solomon Cunningham moved the court to permit him to be

made a defendant in this cause as the landlord of Adam Coyle; and it appearing to the court that he bore this relation to Adam Coyle, it was ordered that he be made a co-defendant with him. On the 11th of January, 1882, the death of Adam Coyle was suggested; and the case was continued from term to term till the 23d of September, 1882, when on motion of the plaintiff the case was abated as to Adam Coyle. Thereupon came a jury who were sworn to try the issue joined. The evidence was introduced, to which the plaintiff demurred. The defendant declined to join therein; and on the motion of the plaintiff the court ordered the defendant to join in this demurrer, which he then did. The jury rendered the following verdict:

"We, the jury, find, subject to the opinion of the court upon the demurrer to the evidence, as follows: If the court should be of opinion upon the said demurrer that the law thereof is for the defendant, then we find for the defendant; and if the court should be of the opinion upon said demurrer that the law thereof is for the plaintiff, then we find for the plaintiff the premises in said declaration mentioned and described; and further, that she has an estate therein for life, and that she has sustained one cent damages for the detention thereof."

Thereupon the court rendered the following judgment on the 25th of September, 1882:

"Whereupon, the court having maturely considered the said demurrer to the evidence, it seems to the court that the matter shown in evidence to the jury is sufficient to maintain the issue on the part of the plaintiff, and that the law upon said demurrer is for the plaintiff; therefore, it is considered by the court that the plaintiff recover from the defendant, Cunningham, the possession of the lands mentioned and described in the declaration and verdict, and an estate for life therein, and that she further recover one cent damages and her costs by her in this behalf expended."

On the 28th of November, 1882, the plaintiff, Mary E. Brown, sued out of the clerk's office of the circuit court of Randolph county a writ of possession for said tract of land against Solomon Cunningham returnable to January rules, 1883. This was executed by the sheriff, as shown by his re-

turn, on the 6th of December, 1882, by dispossessing Solomon Cunningham and placing Mary E. Brown in possession of said tract of land.

From this judgment of September 25, 1882, Solomon Cunningham has obtained a writ of error and *supersedeas* and prayed restitution of the possession of said tract of land.

*Martin & Woods* for plaintiff in error.

*C. Boggess* for defendant in error.

GREEN, JUDGE:

It will be observed, that Coyle pleaded not guilty to the declaration in ejectment filed in this case; that Cunningham as his landlord was afterwards made a co-defendant with him; that Coyle then died, and the case was discontinued as to him.   Cunningham never put in any plea, yet a jury was sworn to try the issue joined, when in fact no issue had been joined by the plaintiff and the only defendant in the case. This jury found a verdict for the defendant on a demurrur to the evidence, " if the law be for the defendant; and it the law be for the plaintiff, they found for the plaintiff the premises in the declaration mentioned, and that she had an estate therein for life and had sustained one cent damages for the detention thereof."   The court decided, that the law was for the plaintiff on the demurrer to evidence, and rendered a judgment in her favor pursuant to this verdict; and under a writ of possession the defendant, Cunningham, has been ousted, and the plaintiff put in possession of this land.

It is well settled, that if a verdict has been rendered without any issue being joined, it is a mere nullity, and no judgment can properly be rendered upon it, whether it be in a civil or criminal action.   (*Stevens* v. *Taliaferro*, 1 Wash. 155; *Grymes* v. *Pendleton*, 4 Call 130; *Taylors, &c.* v. *Huston*, 2 H. & M. 161; *Kerr* v. *Dixon*, 2 Call 279; *Wilkison's Adm'r* v. *Bennett*, 3 Munf. 314; *Sydnor* v. *Burke*, 4 Rand. 161; *Mc-Million* v. *Dobbins*, 9 Leigh 422; *Rowmans* v. *Givens*, 10 Gratt. 250; *B. & O. Railroad Co.* v. *Gettle*, 3 W. Va. 376; *B. & O. Railroad Co.* v. *Faulkner*, 4 W. Va. 180; *Gallatin's Heirs* v. *Heywood's Heirs*, 4 W. Va. 1; *B. & O. Railroad Co.* v. *Chris-*

*lie,* 5 W. Va. 325; *State* v. *Douglass,* 20 W. Va. 770; *Ruff-ner* v. *Hill,* 21 W. Va. 159.) These decisions were rendered in a great variety of cases. In actions of debt, detinue, trespass on the case, *assumpsit,* writs of right, indictments and ejectments. In the last of these cases, which was an action of ejectment the grounds of these decisions are thus stated: "By the common law the court has no right to make up the issue and empanel a jury to try it; but the parties by their pleadings must first come to an issue, and then it is tried by a jury. When therefore the record shows, that the parties by their pleadings have not come to any issue, but nevertheless the record shows that the issue was tried, this issue must either have been illegally made up by the court or by blunder it must have been assumed to have been made up by the parties, when in fact it was not."

For this reason the judgment of the circuit court of Randolph county of September 25, 1882, must be set aside, reversed and annulled, and the plaintiff in error must recover of the defendant in error his costs about his writ of error in this Court expended; and the verdict of the jury and the demurrer to evidence must also be set aside and annulled; and this case must be remanded to the circuit court of Randolph county to be further proceeded with according to the principles laid down in this opinion and further according to law. And the plaintiff in the court below having been put into possession of the tract of land claimed in the declaration under the judgment of the circuit court of Randolph county above reversed, it is further adjudged and ordered, that the defendant in the court below, Solomon Cunningham, be restored to the possession of said land, and that he have leave to sue out a writ of possession to regain the possession thereof.

Reversed and Remanded.