# CHARLESTON.

## Stevens v. Friedman.

Submitted January 26, 1903, Decided April 4, 1903.

1. Pleadings.
      It is a settled rule of the common law strictly adhered to by this Court that before a trial can be had by a jury in a common law suit on issue joined, the defendant must put in or file his plea, and the record must show this fact and the character of the plea on which the issue is joined. (p. 80).

Appeal from Circuit Court, Kanawha County.

Action by Cora E. Stevens against Jacob Friedman. Judgment for plaintiff, and defendant brings error.

*Reversed.*

J. H. Nash and Linn & Byrne, for plaintiff in error.

J. C. Thomas and J. W. Kennedy, for defendant in error.

Dent, Judge:

Jacob Friedman, defendant, complains of a judgment against him in favor of Cora Stevens, plaintiff, rendered by the cir-

cuit court of Kanawha County on the verdict of a jury for the sum of $500.00 in an action of trespass.

The case is in short this,—The plaintiff went to the defendant's store, and by pretending she wanted to take it, got possession of a hat which she did not want, and on which she had previously paid fifty cents, for the purpose of compelling the defendant to repay her the fifty cents. He thinking she was going to carry away the hat without paying for it, rushed at her and seized the hat, taking it from her, and pushing her towards the door. She claiming that she was greatly wounded in her feelings and hurt in her side, brought suit, which resulted in the judgment aforementioned.

The first error assigned is that no pleas were entered or issue joined thereon. The record fails to show that the defendant plead in any manner to the declaration, but contains this order, to-wit: "This day came the defendant by his attorneys, and thereupon the defendant demurred to the declaration, which demurrer the plaintiff joined, which demurrer being argued by counsel and considered by the court, is overruled and issue is thereon joined." If the defendant put in a plea, the record fails to show it, and the character of the verdict found by the jury would appear to indicate that no plea was before them, but that they were simply executing a writ of inquiry on confession of guilt of the grevious charges alleged in the declaration. Even in such case it would be hard to say if it were necessary that such a verdict was justified by the evidence, but in such case the record should show that it was judgment by *nil dicit* or default. On the contrary it tends to show some kind of appearance, and the jury was to try the issue joined. What, is left to mere matter of conjecture. This case is clearly governed by the case of *Ruffner* v. *Hill,* 21 W. Va. 152. JUDGE GREEN in this case, on page 159, fully answers the argument here made in favor of the contention of the plaintiff in words as follows, to-wit: "It is said the only issue which could be made up, is the one actually tried, and it would be too technical to reverse, because the formality of entering the plea of not guilty was omitted. But these cases abundantly show, that the Court has not reversed judgments entered upon such verdicts, because there was any doubt as to the real issue which the jury tried, nor because the defendant might have made up some

other issue if he had pleaded. The reasons for these decisions are entirely different from what this argument presumes. The real ground on which these decisions rest is that by the common law, the court has no right to make up the issue and impannel a jury to try it, but the parties by their pleadings must first come to an issue, and then it is tried by a jury. When therefore the record shows that the parties by their pleadings have not come to an issue, but nevertheless the record shows the issue was tried, this issue must either have been illegally made by the court, or by a blunder, it must have been assumed to have been made by the parties, when in fact it was not. In some of the cases we have cited, the record showed distinctly, what was the exact issue tried by the jury, and also that the verdict was distinctly responsive to such issue; and it was the only issue the parties in the particular case could have made, had they by the pleadings made any issue. Yet the judgments were reversed because no issue so far as the record showed had been formed. It has thus been held as absolutely necessary in every case that an issue shall be made up by the pleadings, before the jury can be impanneled to try the case."

According to this holding, the record must show that the defendant put in a plea either in writing or by word of mouth, and what such plea was before issue thereon can be made up and joined. This was not done in this case. If the defendant put in any plea the record does not show it, and the presumption is that there was none, and the jury took none into consideration. All of which appears to have been matter of inadvertance bearing heavily on the defendant. In the light of this holding, it becomes unnecessary to consider the other assignments of error, as the circuit court on rehearing may correct all such errors, if any.

The judgment is reversed, the verdict of the jury set aside, and the case is remanded with leave to the defendant to file such plea as he may be advised is necessary, and on issue being joined thereon, the trial thereof may be had as the parties may elect.

*Reversed.*