# CHARLESTON

## RILEY v. YOST.

58 213
60 560

Submitted September 15, 1905.   Decided October 31, 1905.

1.  DECLARATION—*Profert*—*Oyer.*

   Profert cannot be made or oyer demanded, unless the declaration avers a sealed instrument.   (p. 213.)

2.  DECLARATION—*Profert*—*Oyer.*

   The fact that a declaration makes profert does not alone make the writing part of the declaration, without a demand of oyer.   (p. 214.)

Error to Circuit Court, Taylor County.

Action by Oscar F. Riley and Columbus N. Mason against F. Harris Yost.   Judgment for defendant, and plaintiffs bring error.

*Reversed.*

DENT & DENT, for plaintiffs in error.

DAVIS & DAVIS and E. D. LEWIS, for defendant in error.

BRANNON, PRESIDENT :

Oscar F. Riley and Columbus N. Mason brought an action of *assumpsit* in Taylor county against F. Harris Yost.   The declaration contains the common counts and one special count upon a written contract.   Under a demurrer there was a judgment of *nil capiat*, and the plaintiffs brought the case here.   The defendant says that the written contract does not support the action as stated in the special count upon it ; but we must take that count without considering the written contract.   That count avers the executing of a written contract and makes profert of it.   We cannot consider it for. these reasons.   The count does not say that the contract is under seal.   There can be neither profert nor oyer of a contract not under seal, and though profert be made, it is unavailing to make the writing part of the declaration.   There cannot be profert because the declaration does not profess to declare upon a sealed instrument ; and there having been no oyer demanded, we could not read the contract, even if said to be sealed, because to read it there must be not only profert but oyer.   *Duval* v. *Malone*, 14 Grat. 24 ; 16 Ency. Pl. & Prac.

1087. There can be no profert or oyer except of certain sealed instruments. Andrew's Stephen on Plead. 159 ; 1 Barton L. Pr. 316 ; 16 Ency. Pl. & Prac. 1083. Such is the common law rule of pleading. There seems to be an erroneous idea with some that a profert of an instrument, sealed or unsealed, makes it a part of the declaration, and we meet with declarations sometimes which file writings marked as exhibits, just as if the case were in chancery. That does not make such paper part of a common law pleading, though it does in the case of equity pleadings. A declaration at law on a writing must give the legal effect of the writing, and to do so must state so much of it as will support the action ; but that does not make the instrument a part of the pleading. It is not generally the office of common law pleading to incorporate writings. Perhaps where the declaration sets out the instrument by its tenor, that is, in its very words, it becomes a part of the declaration, but not where the tenor is not given. 8 Ency. Pl. & Prac. 740. It may be asked, How can a variance between the declaration and writing be taken advantage of ? By objection to the introduction of the paper in evidence. If a sealed instrument, also by oyer and demurrer. *Sterret* v. *Teaford*, 4 Grat. 84. Or where it is claimed that the writing does not support the action a demurrer to the evidence would raise that question. Looking, then, at the special count, and not reading the writing, we find that it states that the plaintiffs owned various options giving them the right to purchase the coal in various tracts of land, and that they sold and assigned to the defendant all their rights in said options in consideration of $150.00 cash and other considerations, one of which was that the plaintiffs were to receive from the defendant the difference between $18.00 per acre and the purchase price per acre of the option for each and every acre of coal the defendant "may purchase under said option." It is claimed that this gave the defendant only the option to purchase the tracts, that is, option to consummate the options assigned to him, without obligation to pay the plaintiffs the difference between the purchase price named in the option and $18.00 per acre, unless he should purchase the land under the option, and that the declaration should have averred such purchase. But the declaration goes on and avers that by the writing the defendant "agreed to pay plaintiffs the difference

between eighteen dollars per acre and fifteen dollars, the purchase price under the option, to-wit, three dollars per acre, for each and every acre of coal which the defendant *could and might* purchase under said options, whenever the number of said acres of coal should thereafterwards be ascertained and determined during the life period of said option as limited on the face thereof, or as extended at the special instance and request of the defendant, whose duty it became to keep alive said option until consideration for the transfer thereof were fully paid and satisfied, and his purchase could be fully compensated thereunder." The count then avers that the number of acres of the coal had been ascertained to be not less than 2,000. Now, from that count on its face Yost did not have the right to determine not to purchase under said option and refuse the plaintiffs the three dollars per acre ; for the declaration says that the defendant was to pay the plaintiffs three dollars for every acre which he "could and might purchase under said option," and that he was to make such payment whenever the number of acres of coal should be ascertained. The count says that the instrument bound Yost to keep alive the options until the consideration should be paid, thus importing intent to impose absolute liability for the consideration. Testing the matter by the declaration alone, that is, by its version and legal effect of the legal contract, an absolute liability was imposed on Yost to pay that three dollars per acre to the plaintiffs whether he purchased the coal under the options or not. I repeat that we do not say whether or not that liability is imposed on the defendant by the written contract.

We reverse the judgment, overrule the demurrer, and remand the cause.

*Reversed.*