# CHARLESTON.

SHIRES v. BOGGESS.

Submitted March 25, 1909.   Decided November 1, 1910.

1. ASSAULT AND BATTERY—*Pleading—Defense of Son Assault Demesne.*

    The defense of *son assault demesne* must be pleaded specially, and cannot avail under the general issue, in an action for damages from an assault and battery.

2. SAME—*Pleading—Matters in Justification.*

    Matters in justification of an assault and battery, as defense to a suit for damages, must be pleaded specially. They cannot be given in evidence under the general issue.

3. SAME—*Issues—Confession of Valid Defense.*

    If a proper plea averring matters which legally justify the assault and battery made the basis of an action for damages is not replied to or controverted, a valid defense stands confessed, and no issue exists.

4. JUDGMENT—*On Trial of Issues—Necessity for Issues.*

    It is the established law of this state that a judgment based on trial without joinder of issue is erroneous and reversible from want of issue alone.

Error to Circuit Court, Monroe County.

Action by Minerva Shires against W. R. Boggess. Judgment for plaintiff, and defendant brings error.

*Reversed, verdict set aside, and remanded.*

68 W. Va.

*Boggess & Boggess and T. N. Read,* for plaintiff in error.

*John W. Arbuckle, John Osborne, and R. L. Keadle,* for defendant in error.

ROBINSON, PRESIDENT:

In this action for damages from an assault and battery, the plaintiff, upon the verdict of a jury, has judgment against the defendant for two hundred dollars. We are asked to review the case and to reverse the judgment upon the ground that the case was tried without issue, and for other alleged errors.

The defendant pleaded the general issue and two special pleas of justification—*son assault demesne.* The two special pleas were not replied to or traversed by the plaintiff in any particular. No issue was joined on either of them. The special pleas admitted he assault and battery but justified the alleged wrong. But, it is said that there was joinder on the general issue, that the matters of justification were triable under it, and that, therefore, the special pleas were immaterial and demanded no reply. Clearly, if the matters of justification were not within the general issue, the special pleas were proper. And if those pleas were material to assert matters of justification, there was no denial of the justification alleged, and there was, therefore, no issue to try. For, the defendant admitted the assault and battery, and the asserted justification under the law of self defense was a complete bar to the action so long as there was no reply in that regard. Without reply—without issue on the special pleas—the cause of action was completely answered. The plaintiff's suit was at an end until those pleas were controverted. Then, were the matters in justification only pleadable specially? Or did the general issue include those matters and bring them to trial?

It is well settled that matters in justification of an assault and battery are not within the general issue and must be pleaded specially, in an action for damages. Hogg's Pl. & Forms, section 245; Shipman's Common Law Pleading 290. The following expressions from other authorities are in point: "In all cases of justification, the defendant must plead the matter of defense specially. Thus he must always plead the defense of *son assault demesne,* and however justifiable he may have

been in the battery, he cannot, on the plea of not guilty, give evidence of his justification; for that admits the act which his plea denies." 2 Tucker's Com. 54. "Under a mere general denial, the defendant cannot introduce evidence tending to prove a justification of the assault." 2 Enc. Pl. and Pr. 862. "Matters of justification cannot be given in evidence under the general issue but must be pleaded specially." 3 Cyc., title Assault and Battery, 1084.

So we observe that the general issue did not suffice to put the alleged matters of justification to trial, and that proper special pleas alleging these matters stood confessed, because those pleas were not controverted. Since the matters of justification stood confessed there was nothing to try. The alleged wrong was excused. There was no issue in the case. There could be no legal trial  Therefore, the judgment cannot stand.

The plaintiff's brief characterizes as technicality the point that there was no issue, since the parties proceeded to trial as though on an issue joined. Whatever the overthrow of a judgment on the ground that there was no issue may be rightly termed, it is certainly the established law of this state that a judgment without joinder of issue will be reversed and set aside, because of the want of issue alone. It may be true that parties who acquiesce in trial without a formal issue should be estopped from raising the point after verdict, as is held in some jurisdictions. But that is not our law. The decisions of this Court, and of Virginia prior to the formation of this state, recognize the doctrine that any judgment without issue is reversible, regardless of acquiescence in the trial or fault for the absent issue, and though the point is raised only after verdict. It is our province to declare the law as we find it. We would not be warranted in overturning a long existing rule, founded on principles of the common law, as this one is. The Legislature may do so. But we are guided not by policy as that law-making body is. We must look to what the law actually is, not to what it ought to be.

The rule, that a judgment based on trial without joinder of issue is erroneous and reversible from want of issue alone, is firmly fixed in our jurisprudence. In 8 Enc. Dig. Va. & W. Va. Rep. 295, the many cases involving the rule are cited, and there it is said: "Where trials by jury have been had without

issue joined they have invariably been set aside as wholly un-
authorized by law. This has been repeatedly held in Virginia
before and in West Virginia since its formation, and must be
regarded as settled law, correctly announcing the common-law
rule on that subject." In *Bennett* v. *Jackson,* 34 W. Va. 62, it
is stated by Judge Snyder: "In numerous cases, both in Vir-
ginia and this State, it has been decided that a judgment en-
tered upon the verdict of a jury sworn to try the issue joined,
when no issue is in fact joined or where there were more than
one plea, and no issue had been joined on some one of such
pleas, such judgment will for that reason only be set aside by
the appellate court." In *Brown* v. *Cunningham,* 23 W. Va.
111, Judge Green cites numerous cases and says: "It is well
settled, that if a verdict has been rendered without any issue
being joined, it is a mere nullity, and no judgment can properly
be rendered upon it whether it be in a civil or criminal action."
And in *Ruffner* v. *Hill,* 21 W. Va. 152, Judge Green discusses
the subject, as follows: "It is said, the only issue which could
be made up, is the one actually tried, and it would be too tech-
nical to reverse, because the formality of entering the plea of
not guilty was omitted. But these cases abundantly show, that
the Court has not reversed judgments entered upon such verdicts,
because there was any doubt as to the real issue which the jury
tried, nor because the defendant might have made up some
other issue, if he had pleaded. The reasons for these decisions
are entirely different from what this argument presumes. The
real ground on which these decisions rest is, that by the common
law the court has no right to make up the issue and empanel
a jury to try it; but the parties by their pleadings must first
come to an issue, and then it is tried by a jury. When there-
fore the record shows, that the parties by their pleadings have
not come to any issue but nevertheless the record shows that the
issue was tried, this issue must either have been illegally made
up by the court or by a blunder it must have been assumed to
have been made up by the parties, when in fact it was not. In
some of the cases we have cited, the record shows distinctly
what was the exact issue tried by the jury, and also that the
verdict was distinctly responsive to such issue; and that it was
the only issue the parties in the particular case could have made,
had they by the pleadings made any issue. Yet the judgments

were reversed, because no issue so far as the record showed had been formed. It has been held as absolutely necessary in every case, that an issue shall be made up by the pleadings, before a jury can be empaneled to try the case." Later expressions of this Court emphatically recognize the same principle. In *Stevens* v. *Friedman*, 53 W. Va. 79, it is held: ."It is a settled rule of the common law strictly adhered to by this Court that before a trial can be had by a jury it a common law suit on issue joined, the defendant must put in or file his plea, and the record must show this fact and the character of the plea on which the issue is joined." Only recently the rule was declared in *Good* v. *Town of Chester*, 65 W. Va. 13. Therein we held: "The record must affirmatively show a plea and issue on it; otherwise a judgment on a verdict will for that cause alone be reversed."

Particularly applicable to the case at hand is the decision in *Curry* v. *Mannington*, 23 W. Va. 14, wherein the judgment was reversed and the verdict set aside because the case was tried without replication or issue joined, on the plea of the statute of limitations. So, "if a special plea is filed requiring a replication that an issue may be raised, there can be no trial until such replication is pleaded to and issue joined between the parties." Hogg's Pl. & Forms, sec. 290. "It is error to proceed to trial and judgment while a good and valid plea, or one of several pleas, remains unanswered and not in any way disposed of." 23 Cyc. 771. "The pleadings in a cause must evolve an issue of law or fact before a judgment can be rendered; and a judgment rendered without issue joined is at least erroneous, if not void." 11 Enc. Pl. & Pr. 864.

It becomes unnecessary to notice the other errors assigned. If issue is joined and the case is brought to trial, "the circuit court on rehearing may correct all such errors if any." *Stevens* v. *Friedman, supra.*

The judgment will be reversed, the verdict set aside, and the case remanded with leave to the plaintiff to take issue on the defendant's special pleas, or to take such step in the case as may be advised.

*Reversed, Verdict Set Aside and Remanded.*