# CHARLESTON.

## BELCHER, ADMR., v. DICKINSON.

Submitted February 14, 1911. Decided April 9, 1912.

DECLARATION—*Contract—Plea*.

> The propriety of the filing of a plea must be tested by the averments of the declaration. It can not be tested by a construction of a contract referred to in the declaration as annexed thereto.

Error to Circuit Court, Kanawha County.

Action by A. M. Belcher, Administrator, against John Q. Dickinson. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*A. M. Belcher,* for plaintiff in error.

*Linn & Byrne,* for defendant in error.

ROBINSON, JUDGE:

The administrator of Wells sued Dickinson in debt, for the recovery of a promissory note. A special plea that the considera-

tion had wholly failed was admitted over the objection and ex-
ception of plaintiff. No replication was put in; plaintiff rested
the case on his exception to the filing of this special plea. Judg-
ment was entered for defendant, and plaintiff prosecuted this
writ of error.

If the special plea was properly filed, the judgment is right.
Since there was no reply to the plea, it was confessed. *Shires* v.
*Boggess*, 68 W. Va. 137. If it met the case made by plaintiff's
declaration, defendant was entitled to judgment. Plaintiff in-
sists that the plea presented no defense to his case, and that it
was error to permit it to be filed.

An examination of the plea convinces us that it presents a
good defense to that which is averred in the declaration. It avers
matters showing a failure of the consideration for which the note
was given. The declaration avers certain matters of agreement
between the parties in relation to the transaction in which the
note was executed; the plea sets forth indeed a different agree-
ment and shows that according to the terms of the same the con-
sideration for the note failed. If the averments of this plea were
not true, plaintiff should have joined issue on it. If they were
true, as we must take them to be on this record, the case pre-
sented by plaintiff is denied.

Plaintiff submits that the consideration for the note was stock
in a corporation sold by his decedent to defendant; and that,
therefore, the plea which avers failure of consideration by a loss
of title to land is no defense. But the plea as well as the declara-
tion, shows that each share of stock sold defendant represented
the ownership of one acre of land. The plea avers that by the
agreement under which the stock was sold defendant was to re-
ceive good title to as many acres of land as he purchased shares
of stock. It avers that the land represented by the stock was so
imperfect in title that the consideration, to the value of the note
sued on, failed. The plea in fact avers that land was the real
consideration for the note, and that defendant did not get by his
purchase of stock the number of acres that he was to have there-
by. It sufficiently shows that the real consideration for the note
failed. The plea is good under Code 1906, chapter 126, sec-
tion 5.

The contract referred to in the declaration as annexed thereto,

and sought to be made a part of the declaration in that way, can not be looked to in determining the propriety of the plea. A contract can not be made a part of a declaration by mere reference or exhibition. *Riley* v. *Yost*, 58 W. Va. 213. Plaintiff argues a particular interpretation of this contract to show that defendant's plea does not meet the case. But he must be confined to the averments of the declaration in testing the applicability of the plea. We have said that the plea answers the declaration. Whether, if issue had been joined on the plea, and the contract had been introduced as evidence on a trial of that issue, the contract would have defeated the plea, we are not called upon to answer. Certain it is, the applicability of the plea to the case can not be tested by the contract, as plaintiff seems to assume. The applicability of the plea must be tested by the averments of the declaration.

An affirmance of the judgment will be ordered.

*Affirmed.*