# CHARLESTON.

DEL-CARBO COAL & COKE COMPANY *v.* ALEXANDER CUNNINGHAME.

Submitted January 23, 1923.      Decided January 30, 1923.

> JUDGMENT—*Judgment Entered Where No Issue Joined, Reversed.*
>
> Where there has been a verdict and judgment in an action at law in which no issue has been joined or no plea filed by the defendant, the appellate court will reverse such judgment, although the record states that the jury was sworn to well and truly try the issue joined between the plaintiff and defendant.

Error to Circuit Court, Cabell County.

Action by the Del-Carbo Coal & Coke Company against Alexander Cunninghame. From judgment for plaintiff, defendant brings error.

*Reversed and remanded.*

*Livezey & McNeer,* for plaintiff in error.
*Deegan & Hall,* for defendant in error.

LIVELY, JUDGE:

This is an action of assumpsit to recover from defendant about $12,000 due plaintiff for moneys arising out of a contract for purchase of coal entered into and performed between plaintiff and Clinchfield Fuel Company "as agents." Defendant owned all of the stock of Del-Carbo Coal & Coke Company, which he sold to Deegans on March 2d, 1917, reserving the benefit of all existing contracts of the Del-Carbo Company except contracts for royalties. At that time a contract existed between Del-Carbo Company and Clinchfield Fuel Company "as agents" by which the latter had sold to the former for delivery 30,000 tons of coal at a stipulated price per ton. Afterwards Clinchfield Company delivered 24,000 tons of the coal under the terms of the contract, but the purchaser did not pay all of the purchase price therefor, the amount remaining unpaid being about $9,062.50, claiming as recoupment that Clinchfield Company had not furnished the full tonnage under the contract. The Clinchfield company sued the Del-Carbo company and Cunninghame, who had reserved the benefit of this contract and who had received the coal, was notified to defend. This suit was not tried, and afterwards, in December, 1919, Deegans purchased the debt of the Clinchfield company. In May, 1920, this suit was instituted by Del-Carbo company against Cunninghame to recover the money which it claimed he owed by virtue of the coal deals and contracts, and the declaration contains the common counts. A bill of particulars was filed. In January, 1921, the case was dismissed at the costs of plaintiff, without prejudice; and on February 16, 1921, the case was reinstated upon the docket by order duly entered. In May following Cunninghame appeared for the first time, specially, and moved the court to dismiss the case and vacate the reinstatement order, which motion the court overruled. Nothing further appears to have been done until the case was tried before a jury on February 27, 1922, resulting in a verdict for plaintiff for $11,237.50, upon which judgment was rendered, after the usual motions to set aside the

verdict and grant a new trial. This writ is to review that judgment.

It appears that defendant did not demur to the declaration, nor was any issue made up or joined. At conclusion of plaintiff's evidence, defendant made a motion to strike, and direct a verdict for defendant, which was overruled; and again at the conclusion of the evidence on both sides, a motion to strike out plaintiff's evidence was renewed by defendant, and he asked for a peremptory instruction to find for defendant, which motions were overruled.

The errors insisted upon here are: (1) the court erred in permitting the case to be tried before any plea was filed therein and before any issue was made up or joined; (2) the court erred in not giving certain instructions asked for by defendant, which presented his theory of the case and which were supported by competent evidence.

It is firmly established by our decisions that any judgment at law based on a trial without joinder of issue between the parties is erroneous and constitutes reversible error. *B. & O. Ry. Co.* v. *Gettle,* 3 W. Va. 376; *B. & O. Ry. Co.* v. *Faulkner,* 4 W. Va. 180; *Gallatin* v. *Haywood,* 4 W. Va. 1; *Caperton* y. *Ballard,* 4 W. Va. 420; *B. & O. Ry. Co.* v. *Christie,* 5 W. Va. 325; *State* v. *Conkle,* 16 W. Va. 736; *State* v. *Douglass,* 20 W. Va. 777; *Ruffner* v. *Hill,* 21 W. Va. 152; *Brown* v. *Cunningham,* 23 W. Va. 109; *Hickman* v. *B. & O. Ry. Co.,* 30 W. Va. 317; *State* v. *Brookover,* 42 W. Va. 292; *Stevens* v. *Friedman,* 53 W. Va. 79, 44 S. E. 163; *Shires* v. *Boggs,* 68 W. Va. 137, 69 S. E. 466; *Western Md. Ry. Co.* v. *Cross,* 114 S. E. 438. See also *Wilkinson* v. *Bennett,* 3 Mun. 313; *Totty* v. *Donald,* 4 Mun. 430; *Rowans* v. *Givens,* 10 Grat. 250; Minor Inst. 4 Vol. pt. 2, p. 967.

It would serve no useful purpose to reiterate here the reasons on which this rule is based. They appear fully and convincingly in the cases cited. But the order entered February 14, 1922, recites that a jury was "duly elected and empaneled and sworn to well and truly try the issue joined between plaintiff and defendant," and it is argued this recital is sufficient to show that an issue was in fact made up

and joined, and the case being plainly for plaintiff on the merits, the technical error should not be considered, and the judgment affirmed; and we are cited to *Dickerson* v. *State,* 24 N. J. Law (4 Zab.) 550; *Solomons* v. *Chesley,* 57 N. H. 163, and *Messer* v. *Smyth,* 60 N. H. 436. In the Dickerson case there was a plea of "not guilty," to the action of trespass, but no *similiter* was entered thereto. The plaintiff died pending the suit, and his executors moved for leave to suggest his death and revive the action; this motion was opposed on the ground that no issue was joined at death of plaintiff and therefore the suit abated. The motion was refused. The court said that it was the usual rule to refuse to set aside a verdict for want of a similiter, and to order the record to be amended by adding it. Our statute, sec. 3, chap. 134, says that no judgment shall be stayed or reversed for want of a similiter or any misjoining of issue. The other two New Hampshire cases, cited, are upon the same point, failure to add the similiter where defendant had plead the general issue. They have little relevancy to the question before us. There was no issue here, no attempt to make up one. In *Ruffner* v. *Hill,* 21 W. Va. 152 a jury had been sworn to try the issue joined and a verdict was returned and judgment entered thereon. It was argued that as the case was one in ejectment no other issue except "not guilty" could have been entered, and therefore the jury were really sworn to try and did try the issue on the plea of not guilty, although no plea was actually put in, and therefore the judgment should not be disturbed. After reviewing former decisions the opinion says: "The real ground on which these decisions rest is, that by the common law the court has no right to make up the issue and impanel a jury to try it; but the parties by their pleadings must first come to an issue, and then it is tried by a jury. When, therefore, the record shows, that the parties by their pleadings have not come to any issue, but nevertheless the record shows that the issue was tried, this issue must either have been illegally made up by the court or by a blunder it must have been assumed to have

been made up by the parties, when in fact it was not. In some of the cases we have cited, the record showed distinctly what was the exact issue tried by the jury, and also that the verdict was distinctly responsive to such issue, and that it was the only issue the parties in the particular case could have made, had they by the pleadings made any issue. Yet the judgments were reversed, because no issue so far as the record showed, had been formed. It has thus been held as absolutely necessary in every case, that an issue shall be made up by the pleadings, before a jury can be impaneled to try the case.''

We are constrained to follow the long established rule, that it is reversible error to try an action at law either by jury, or court sitting in lieu thereof, where there is no issue joined by the parties.

The judgment will be reversed, the verdict set aside and a new trial awarded.

*Reversed and remanded.*